Ralph Stephen Coppola
4785 Rio Pinar Drive
Reno, NV 89509
Pro Se
775 827 2344



```
            FILED              RECEIVED
            ENTERED            SERVED ON
                        COUNSEL/PARTIES OF RECORD

                    AUG - 5 2011

            CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
       BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO

| | |
|---|---|
| RALPH STEPHEN COPPOLA, and DOES I to XX, Plaintiffs<br><br>vs.<br><br>DARREN K. PROULX, LAND RESOURCE INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC., and MARINA COMMERCIAL OFFICES, LLC and DOES I to XX, Defendants | CASE NO.:   3:2011cv00074<br><br>PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT; and IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; and, IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

1. COMES NOW, Ralph Stephen Coppola, the named Plaintiff, herein, (hereinafter "Coppola") who being duly sworn, depose and say;

2. Coppola does make the following affirmation under penalty of perjury;

3. Plaintiff Coppola has no desire to "harm" his former employer/clients, but rather has the desire to right the wrong perpetrated by such employer/clients, to the degree "righting such wrong" is allowed by law; such wrong being the fraudulent actions of Defendants and the use by Defendants of Plaintiff Coppola's legal abilities to further Defendants fraud.

Defendants attached as part of Exhibit 4, a letter dated January 8, 2010, to the State Bar of Nevada, which according to Proulx's Affidavit, at page 23, lines 5-10, "ask[ed Mr. Proulx] to respond to questions concerning Mr. Coppola's moral character ... [and Mr. Proulx's] responses are also attached as **Exhibit '4.'**" Mr. Proulx makes two admissions against interest, namely, that Plaintiff Coppola is both honest and thorough in fulfilling his obligations. Such admissions were made after Mr. Proulx had known Plaintiff Coppola for approximately two years and two

months (November, 2007, to the date of signing the letter, some time after January 8, 2010), and only slightly before Coppola's resignation in May, 2010.

4. Plaintiff Coppola was first licensed to practice law some 24 years ago, and in that time period has never had a complaint filed against him (and hence no discipline of any type), unless Defendants in this case have filed a complaint that Plaintiff Coppola is of yet not aware.

5. Since Defendants' have put Plaintiff Coppola's character into question, in addition to the attached exhibits, supra, concerning Plaintiff Coppola's character, Plaintiff Coppola notes the old adage that "the apple does not fall far from the tree," and notes that just a few months ago Plaintiff Coppola was at a Nevada State Medical Society dinner which in part honored Plaintiff Coppola's father, Ralph James Coppola, with an award that was newly created and for which he was the first recipient, that being for lifetime achievement and service to both the medical community and to patients.

6. Plaintiff Coppola submits Exhibits 3 & 4 in support of the fact that Plaintiff Coppola has brought this action to right wrongs by Defendants and as part of Plaintiff's professional work ethic to advance the legal community and confidence in the honesty of its members.

7. Plaintiff Coppola submits Plaintiffs Exhibit 5, an email from Ronald L. Melluish, an attorney licensed and practicing law in California, dated May 25, 2011, which Plaintiff Coppola submits not for the truth of the matters therein, but rather to show Plaintiff Coppola's state of mind in pursing this case, by showing that other licensed attorneys have concluded that Defendants' "whole deal is mostly a fee generating enterprise for the 'management'" that for the purchasers of the Investments is nothing other than an "albatross," and that "we would like to avoid losing our shirts."

8. Plaintiff Coppola submits Plaintiff's Exhibit 6, an email from Menchie Eugenio, another owner of real estate interests sold by Defendants, dated June 6, 2011, which Plaintiff Coppola submits not for the truth of the matters therein, but rather to show Plaintiff Coppola's state of mind in pursing this case, and which states,

"Kudos to you! I hope we will all 'see the light at the end of the tunnel[']; soon through your unselfish efforts. Thank you for keeping us informed. If there is anything we as a group [can do], please do not hesitate to let us know."

9. Defendants used Plaintiffs legal services to obtain various rulings and licenses from various state agencies by providing Plaintiff Coppola with information Defendants knew was false. Defendants use of Plaintiff's letters to argue that Plaintiff Coppola should somehow lose this case. The Defendants ill conceived theory is that Plaintiff Coppola cannot change his opinion once he knows the true facts, rather than the false facts fed to Plaintiff Coppola by Defendants.

10. It can be inferred that Defendants sought to use such rulings and licenses to essentially keep various agencies off track.

11. While Defendants tout that the legal opinion authored by Gordon & Silver Ltd. resulted in the closing by Nevada Securities Division of its investigation, Defendants fail to note three important facts: (1) Defendants fraudulently supplied both Plaintiff Coppola and Gordon & Silver Ltd. with false information, (2) the counsel at Gordon & Silver Ltd. for some reason are not counsel to Defendants in the instant action, (3) that counsel at Gordon & Silver Ltd. privately opined, as Defendants know, that such counsel was seriously concerned that the real estate interests might be found to constitute securities if investigated by the SEC or if customers brought the issue to trial.

12. Plaintiff Coppola had discussed on numerous occasions with Mr. Proulx, in his individual capacity and as the CEO and owner of the Defendants, that it was the personal opinion of every attorney that was consulted, that there existed an extremely high probability that the offering by Defendants might well be found to be a security under The Securities Act of 1933 (the "1933 Act") and The Securities and Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 77b(a)(1), 15 U.S.C. § 77b(a)(1) either by an agency or in a lawsuit.

**CERTIFICATE OF MAILING**

I hereby certify that on this 21st day of July, 2011, I deposited the foregoing **PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT; and IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; and, IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** into the US Mail, Postage prepaid, addressed to:

Robert A. Koenig
Ryan Kerbow
Alessi & Koenig, LLC
9500 W. Flamigo, Suite 205
Las Vegas, NV 89147

Dated:                                    Friday, August 05, 2011

_____
Ralph Stephen Coppola