1   Robert A. Koenig (NV SBN 3203)
    Ryan Kerbow (NV SBN 11403)
2   ALESSI & KOENIG, LLC
    9500 W. Flamingo, Suite 205
3   Las Vegas, Nevada  89147
    Phone: (702) 222-4033
4   Fax:    (702) 254-9044
    Attorney for Defendants DARREN K. PROULX;
5   LAND RESOURCE INVESTMENTS, INC;
    LAND RESOURCE MANAGEMENT, INC; and
6   MARINA COMMERCIAL OFFICES, LLC

7              UNITED STATES FEDERAL DISTRICT COURT

8          FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION

9

10  RALPH STEPHEN COPPOLA; DOES I to          Case No. 3:2011-CV-00074
    XX,
11                                            DEFENDANTS' OPPOSITION TO
                   Plaintiffs,                MOTIONS TO INTERVENE/FOR
12                                            JOINDER
            vs.
13
    DARREN K. PROULX; LAND RESOURCE
14  INVESTMENTS, INC., LAND RESOURCE
    MANAGEMENT, INC.; MARINA
15  COMMERCIAL OFFICES, LLC; and DOES I
    to XX,
16
                   Defendants.
17

18     DEFENDANTS' OPPOSITION TO MOTIONS TO INTERVENE/FOR JOINDER

19

20       COME NOW, Defendants DARREN K. PROULX, LAND RESOURCE

21  INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC., and MARINA

22  COMMERCIAL OFFICES, LLC, by and through their counsel of record, Alessi & Koenig,

23  LLC, and hereby submit Defendants' Opposition to Motions to Intervene/for Joinder.

24

25       Said opposition is made and based upon the attached Memorandum of Points and

26  Authorities, the pleadings and papers on file herein, and any argument of counsel the court may

27  consider at the hearing on said motions.

28

                                      1

I.      SUMMARY

Each of the motions to intervene should be denied because: (1) Mr. Coppola has engaged in the unlicensed practice of law in generating and filing these motions; and (2) the motions to intervene do not contain any factual allegations to show that the requirements of compulsory or permissive joinder are satisfied.

II.     ARGUMENT

A.      MR. COPPOLA HAS ENGAGED IN THE UNLICENSED PRACTICE OF LAW BY FILING THESE MOTIONS ON BEHALF OF PURPORTED *PRO SE* PARTIES

In Defendants' Counter Motion for Summary Judgment/Adjudication filed against Plaintiff, Stephen Coppola, Defendants observed that if the "Doe Plaintiffs" of Mr. Coppola's complaint became actual flesh-and-blood plaintiffs, then Mr. Coppola (who is only licensed to practice law in California) would be engaged in the unlicensed practice of law. Mr. Coppola seems to have taken that observation as a dare. He has now generated and filed a "Motion for Joinder and Notice to Court of Related Case" on behalf of seven purportedly interested parties.

All of the motions are identical. They are also drafted in the exact style of Mr. Coppola's other pleadings. Each motion contains identical language, requesting "joinder in the above-cited case as a plaintiff in causes of action 1 through 17, and 20 through 25, therein." Further, each one contains a superfluous "Notice to Court of Related Case," which informs the court that a number of persons will be filing a separate lawsuit should the motion be denied.

By way of example, the motion filed on behalf of Edith Agustin reads:

The plaintiffs who will be named in the possible related case include, but are not limited to:

1. FE P. ASTRERO
2. MENCHIE DE. EUGENIO

2

3. BELEN LUMAS

4. FLORA LUMAS FEQUERRAS

5. JOSEPH IBANEZ

What possible interest could the purported *pro se* party have in providing notice to the court that a hypothetical future case will include these specific persons as plaintiffs? This procedurally pointless "notice" serves no purpose other than to provide a means for Mr. Coppola to threaten his former client, Darren Proulx, with the names of other property owners who he is purportedly recruiting to his cause. For all the foregoing reasons, it does not require forensic analysis to see that Mr. Coppola drafted every one of these motions, despite the fact that he does not have a Nevada license.

Furthermore, the joinder of plaintiffs to Mr. Coppola's lawsuit would have the effect of permitting Mr. Coppola to engage in the unlicensed practice of law for the additional reason that he expressly brought the complaint on behalf of third parties (i.e. his "doe" plaintiffs). For example, the tenth cause of action is "Brought By LBIII Plaintiffs Against Selling Defendants." (1st Amended Complaint, page 27, lines 17 through 19.) Evidently, Mr. Coppola generated this cause of action with the intention of recruiting owners in Land Bank III then generating motions to intervene for them. Mr. Coppola appears to believe that he avoids the unlicensed practice of law as long as his pleadings never expressly state that he is acting on behalf of named third persons (as opposed to fictional "does.") He is wrong. By drafting the lawsuit on behalf of third persons (who were originally "does," but are now purportedly real persons attempting to join as plaintiffs), and by drafting motions on behalf of third persons, Mr. Coppola has engaged in the unlicensed practice of law. The Court cannot sanction this misconduct. Therefore, the motions to intervene should be denied.

B.      THE MOTIONS FAIL TO ADDRESS ANY OF THE REQUIREMENTS OF FRCP 19 OR FRCP 20

FRCP 19 requires the joinder of a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    i.   as a practical matter impair or impede the person's ability to protect the interest; or

    ii.  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FRCP 20 permits persons to join in an action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all parties will arise in the action.

Here, none of the motions provide any factual allegations whatsoever. Therefore, the purported interested parties – via the motions Mr. Coppola drafted for them – have completely failed to show that the requirements for compulsory or permissive joinder are satisfied

III. CONCLUSION

For the above-stated reasons, Defendants respectfully request that the motions be denied.

4

DATED this 22nd day of August, 2011.

ALESSI & KOENIG, LLC

Ryan Kerbow (NV SBN 11403)
Attorney for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of August, 2011, I electronically filed the foregoing DEFENDANTS' OPPOSITION TO MOTIONS TO INTERVENE/FOR JOINDER with the Clerk of the Court by using the CM/ECF system, and that service will be accomplished on all counsel and persons requesting notice by the court CM/ECF system.

    I also sent a copy of said document via US Mail, postage prepaid, to the following:

Ralph Stephen Coppola

4785 Rio Pinar Drive

Reno, NV 89509


_____
An employee of Alessi & Koenig, LLC