Ralph Stephen Coppola
4785 Rio Pinar Drive
Reno, NV 89509
Pro Se
775 827 2344



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO

RALPH STEPHEN COPPOLA,
    and
DOES I to XX,
    Plaintiffs

vs.

DARREN K. PROULX, LAND RESOURCE INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC., and MARINA COMMERCIAL OFFICES, LLC
    and
DOES I to XX,
    Defendants

CASE NO.:   3:2011cv00074

PLAINTIFF COPPOLA'S REPLY TO
TO DEFENDANTS' OPPOSITION TO
MOTIONS TO INTERVENE/FOR JOINDER

COMES NOW, Ralph Stephen Coppola, the named Plaintiff, herein, (hereinafter "Plaintiff Coppola") who hereby respectfully responds to DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER ("Opposition") by this PLAINTIFF COPPOLA'S REPLY TO DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER ("REPLY").

### I. REPLY TO MUD.

#### a.   THE OPPOSITION SHOULD BE STRUCK

Defendants fail to cite any material evidence, whether by affidavit, or otherwise, in their Opposition.

Defendants fail to cite any law, whether by points and authorities, or otherwise, in their Opposition.

Therefore, the Defendants Opposition violates Rule 11(b)(3) and also therefore is in violation of Rule 11(b)(2). Further, this failure to cite any fact or law is a basis for the Court to strike the

entire Opposition under Rule 12 (f) and also deny the Defendants' motion due to the failure to have points and authorities under LR 7-2(d).

Defendants Opposition solely is an unfounded and therefore unsupported continuation of Defendants unprofessional character attack on Plaintiff Coppola. Defendants Opposition contains unfounded accusations which bear no basis in reality and with regard to which Defendants' know their own accusations to be false.

b. **THE OPPOSITION COMPLETELY MISSTATES FACTS WITH NO EVIDENCE**

Simply put, the history of Plaintiff Coppola's relationship with those seeking Joinder is very different than that presented by Defendants. Defendants know that that history is very different than the Defendants unprofessionally present.

Plaintiff Coppola happily joined Land Resource Investments, Inc. ("LRI") as in-house counsel, paid on a salary as an employee, in November, 2007. Plaintiff Coppola commenced with his employment with a naive belief in the integrity of LRI. Therefore, it was with a certain sense of disbelief when many purchasers of real estate interests ("Securities") from LRI, including most of those who seek to intervene (all such people are the "Proponents"), approached Plaintiff Coppola with what Plaintiff Coppola *thought* were wild stories of deception by Defendant Proulx. Those persons, and others, ultimately formed the Plaintiffs' Committee described below.

The Proponents approached Plaintiff Coppola in early 2008 as counsel to the various associations ("Associations") formed to manage the underlying land represented by the Securities. Proponents did not understand that Plaintiff Coppola, as counsel to the Associations had a duty to the Associations, but did not represent the individual Securities owners.

During 2009 a vote was taken by the majority of the owners of Securities in each Association to collect all past dues vigorously. Plaintiff Coppola, on behalf of the Associations, came into increasing contact with the Proponents and many others. Plaintiff Coppola received many communications in the general nature that Defendant Proulx had lied to, mislead and cheated the individual Proponents in the sale of the Securities and the conduct of the Associations, including each and every one of those individuals who have brought joinder/intervention motions.

Plaintiff Coppola responded to these individuals with the "company line" propounded by Defendant Proulx that everything had been above board and legal. Plaintiff Coppola, on behalf of LRI, even wrote to one of the individuals, Menchie Euginio, that her letters constituted libel, if not true.

Plaintiff Coppola, however, was beginning to doubt the veracity of Defendant Proulx and the "company line." Simply put, too many purchasers of Securities were telling the same story even though they barely, if at all, knew each other. However, they continued to individually petition Plaintiff Coppola, as the attorney for the Associations, to take action against Defendant Proulx.

Then in May of 2010, Plaintiff Coppola stumbled upon the smoking gun(s) of a hidden, and unlawful, secret marketing and advertising program maintained by Defendant Proulx and the other Defendants. Defendant Proulx was informed of all such communications and situations and thus had knowledge of Plaintiff Coppola's communications with Proponents. As such, since Defendant Proulx is an officer of each other defendant, all Defendants had such knowledge.

It then all crystallized in Plaintiff Coppola's mind of how his legal talents had been used by Defendants for what was essentially a criminal enterprise to defraud innocent purchasers of interests.

As previously described, Plaintiff Coppola resigned and took actions permitted under Nevada law to rectify the situation. It is those legal actions that Defendants try to make out to be, without any material evidence, as wrongful actions by Plaintiff Coppola. Plaintiff Coppola desires nothing more than to clear his name of the Defendants' wrongdoing.

After Plaintiff Coppola resigned from LRI, *it was the Proponents that approached* Plaintiff Coppola with requests that he join in with them. The Proponents had already organized themselves together to bring an action against the Defendants. This was communicated many times to Defendant Proulx by both Plaintiff Coppola and others of the Proponents individually. As such, since Defendant Proulx is an officer of each other defendant, all Defendants had such knowledge. In fact, some of the Proponents had already consulted with their own legal counsel, including class-action securities-specialists. It is Plaintiff Coppola's understanding that a very well known Reno attorney with significant victorious class-action experience has been considering taking the Proponents case and is awaiting developments in this case.

With regard to Defendants' wild accusations, it is noted that once again the ***Defendants make broad and baseless accusations without citation to any evidence or to any law.***

Even though technically, therefore, Plaintiff Coppola could chose to not respond, Plaintiff Coppola responds to put the issue to rest.

Defendants fail to consider the possibility *in their pleading* that it is perfectly legal to provide templates with respect to which no representation has been made as to legal sufficiency, to others, for those others to modify them with their individual facts and law, and, that those others may have failed to modify them with their individual facts and law. These insufficiencies demonstrate the very fact that Plaintiff Coppola neither provided any advice on how to fill out such documents nor on the legal sufficiency of such documents, and further demonstrates that he is not engaged in

the unlicensed practice of law. If Plaintiff Coppola had provided legal services to the Proponents who have filed, then Defendants would not be claiming technical issues with such filings.

## II.   JOINDER SHOULD BE ALLOWED

PLAINTIFF COPPOLA'S AFFIDAVIT IN SUPPORT OF PLAINTIFF COPPOLA'S REPLY TO DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER supports the joinder, whether compulsory or permssive.

## III.   PRAYER FOR RELIEF

The unsupported Opposition should be struck and Defendants objection denied for failure to properly object and as a sanction. If necessary, Proponents who have filed motions for Joinder/Intervention should be allowed in the interest of justice, since they are pro se and unrepresented, to amend their motions. PLAINTIFF COPPOLA'S AFFIDAVIT IN SUPPORT OF PLAINTIFF COPPOLA'S REPLY TO DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER supports the joinder, whether compulsory or permissive.

Dated:                                              Thursday, August 25, 2011

_____
Ralph Stephen Coppola
Plaintiff

Ralph Stephen Coppola
4785 Rio Pinar Drive
Reno, NV 89509
Pro Se
775 827 2344

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO

| | |
|---|---|
| RALPH STEPHEN COPPOLA,<br>and<br>DOES I to XX,<br>    Plaintiffs<br><br>vs.<br><br>DARREN K. PROULX, LAND RESOURCE INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC., and MARINA COMMERCIAL OFFICES, LLC<br>and<br>DOES I to XX,<br>    Defendants | CASE NO.:   3:2011cv00074<br><br>PLAINTIFF COPPOLA'S AFFIDAVIT SUPPORTING REPLY TO<br>TO DEFENDANTS' OPPOSITION TO MOTIONS TO INTERVENE/FOR JOINDER |

1. COMES NOW, Ralph Stephen Coppola, the named Plaintiff, herein, (hereinafter "Coppola") who being duly sworn, depose and say;

2. Plaintiff, Ralph Stephen Coppola, does make the following affirmation under penalty of perjury;

3. Simply put, the history of Plaintiff Coppola's relationship with those seeking Joinder is very different than that presented by Defendants.

4. Defendants know that that history is very different than the Defendants unprofessionally present.

5. Plaintiff Coppola happily joined Land Resource Investments, Inc. ("LRI") as in-house counsel, paid on a salary as an employee, in November, 2007.

6. Plaintiff Coppola commenced with his employment with a naive belief in the integrity of LRI.

7. Therefore, it was with a certain sense of disbelief when many purchasers of real estate interests ("Securities") from LRI, including most of those who seek to intervene (all

such people are the "Proponents"), approached Plaintiff Coppola with what Plaintiff Coppola *thought* were wild stories of deception by Defendant Proulx.

8. Those persons, and others, ultimately formed the Plaintiffs' Committee described below.

9. The Proponents approached Plaintiff Coppola in early 2008 as counsel to the various associations ("Associations") formed to manage the underlying land represented by the Securities.

10. Proponents did not understand that Plaintiff Coppola, as counsel to the Associations had a duty to the Associations, but did not represent the individual Securities owners.

11. During 2009 a vote was taken by the majority of the owners of Securities in each Association to collect all past dues vigorously.

12. Plaintiff Coppola, on behalf of the Associations, came into increasing contact with the Proponents and many others. Plaintiff Coppola received many communications in the general nature that Defendant Proulx had lied to, mislead and cheated the individual Proponents in the sale of the Securities and the conduct of the Associations, including each and every one of those individuals who have brought joinder/intervention motions.

13. Plaintiff Coppola responded to these individuals with the "company line" propounded by Defendant Proulx that everything had been above board and legal.

14. Plaintiff Coppola, on behalf of LRI, even wrote to one of the individuals, Menchie Euginio, that her letters constituted libel, if not true.

15. Plaintiff Coppola, however, was beginning to doubt the veracity of Defendant Proulx and the "company line." Simply put, too many purchasers of Securities were telling the same story even though they barely, if at all, knew each other.

16. However, they continued to individually petition Plaintiff Coppola, as the attorney for the Associations, to take action against Defendant Proulx.

17. Then in May of 2010, Plaintiff Coppola stumbled upon the smoking gun(s) of a hidden, and unlawful, secret marketing and advertising program maintained by Defendant Proulx and the other Defendants.

18. Defendant Proulx was informed of all such communications and situations and thus had knowledge of Plaintiff Coppola's communications with Proponents.

19. It then all crystallized in Plaintiff Coppola's mind of how his legal talents had been used by Defendants for what was essentially a criminal enterprise to defraud innocent purchasers of interests.

20. As previously described, Plaintiff Coppola resigned and took actions permitted under Nevada law to rectify the situation.

21. Plaintiff Coppola desires nothing more than to clear his name of the Defendants' wrongdoing.

22. After Plaintiff Coppola resigned from LRI, *it was the Proponents that approached* Plaintiff Coppola with requests that he join in with them.

23. The Proponents had already organized themselves together to bring an action against the Defendants.

24. This was communicated many times to Defendant Proulx by both Plaintiff Coppola and others of the Proponents individually.

25. In fact, some of the Proponents had already consulted with their own legal counsel, including class-action securities-specialists.

26. It is Plaintiff Coppola's understanding that a very well known Reno attorney with significant victorious class-action experience has been considering taking the Proponents case and is awaiting developments in this case.

27. Plaintiff Coppola has not provided legal services to the Proponents.

28. I, Ralph Stephen Coppola, the named Plaintiff herein, declare under penalty of perjury of law that the foregoing is true and correct, to the best of my knowledge, information and belief, and that if called to testify I would testify to the same.

Dated: Thursday, August 25, 2011

_____
Ralph Stephen Coppola
Plaintiff

**CERTIFICATE OF MAILING**

I hereby certify that on this 25th day of August, 2011, I deposited the foregoing PLAINTIFF COPPOLA'S REPLY TO DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER and PLAINTIFF COPPOLA'S AFFIDAVIT SUPPORTING REPLY TO DEFENDANTS' OPPOSITION TO MOTIONS FOR INTERVENTION/JOINDER into the US Mail, Postage prepaid, addressed to:

| | | |
|---|---|---|
| Robert A. Koenig<br>Ryan Kerbow<br>Alessi & Koenig, LLC<br>9500 W. Flamigo, Suite 205<br>Las Vegas, NV 89147 | Edith Agustin<br>402 Devonshire St.<br>Vallejo, CA 94591 | Ramses Agustin<br>12374 Carmel Country Rd#308<br>San Diego, CA 92130 |
| Menchie Eugenio<br>429 Bettona Way<br>American Canyon, CA 94503 | Imelda & Joseph Ibanez<br>318 Clydesdale Dr.<br>Vallejo, CA 94951 | Fe & Gerard Astrero<br>PO Box 25354<br>San Mateo, CA 94402-5354 |

_/s/ Ralph Stephen Coppola_
Ralph Stephen Coppola
Plaintiff