Robert A. Koenig (NV SBN 3203)
Ryan Kerbow (NV SBN 11403)
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 100
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:     (702) 254-9044
Attorney for Defendants

# UNITED STATES FEDERAL DISTRICT COURT

# FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION

| | |
|---|---|
| RALPH STEPHEN COPPOLA; DOES I to XX,<br><br>Plaintiffs,<br><br>vs.<br><br>DARREN K. PROULX; LAND RESOURCE INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC.; MARINA COMMERCIAL OFFICES, LLC; and DOES I to XX,<br><br>Defendants. | Case No. 3:2011-CV-00074<br><br>**MOTION FOR SANCTIONS PURSUANT TO FRCP 11** |

## MOTION FOR SANCTIONS PURSUANT TO FRCP 11

Please take notice that Defendants Darren K. Proulx, Land Resource Investments, Inc., Land Resource Management, Inc., and Marina Commercial Offices, LLC will move for an order sanctioning Plaintiff pursuant to Rule 11(c)(2) if Plaintiff's lawsuit is not dismissed within twenty-one (21) days of service of this motion. Plaintiff's motion will remain unfiled during the twenty-one (21) day period.

This motion is based on this notice, the attached memorandum of Points and Authorities, the pleadings, documents and records on file in this action and such further written or oral

1

evidence and arguments as may be submitted to the Court as well as any further relevant matters of which the Court may take judicial notice.

Dated this 26th day of July, 2011.

*Ryan Kerbow*
Robert A. Koenig (NV SBN 3203)
Ryan Kerbow (NV SBN 11403)
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 254-9044
Attorney for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff Should Be Sanctioned Under Rule 11 Because He Brought The Present Lawsuit In Violation Of The Fiduciary Obligations He Owes To Defendants And To Harass Defendants

FRCP 11(b) provides as follows:

**(b) Representations to the Court.**

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**

**(1) In General.**

If, after notice and a reasonable opportunity to respond, the court determines that Rule (11)(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. [...]

In Defendants' "Opposition to Motion for Partial Summary Judgment; Counter Motion for Summary Judgment/Adjudication; Motion for Judgment on the Pleadings; Affidavit in Support," filed in the present case on July 26, 2011, and incorporated herein by reference, Defendants thoroughly discuss why the present lawsuit constitutes a violation of the fiduciary responsibilities Plaintiff owes to Defendants' as their former counsel. Defendants also discuss the reasons why Plaintiff fails to adequately plead numerous causes of action, reasons which include Plaintiff's pleading on behalf of fictional "doe plaintiffs" and his disregard for the requirement that a complaint's factual allegations must substantiate all the elements of its causes of action. Furthermore, Defendants discuss the circumstances which make it abundantly clear that the purpose of Plaintiff's lawsuit is to harass his former clients, including Plaintiff's history of filing complaints against Defendants with government agencies and the sheer number of unsubstantiated causes of action Plaintiff includes in the complaint.

Under Rule 11, the court may impose sanctions against a party whose pleadings are brought for an improper purpose, such as to harass the opposing party. Here, Plaintiff's filing the lawsuit in violation of his fiduciary responsibilities toward his former clients unquestionably

renders the lawsuit improper.  Furthermore, Plaintiff's intent to harass Defendants is abundantly clear.  Therefore, Rule 11 sanctions are warranted.

## II. Conclusion

For the reasons set forth above, Defendants respectfully request that this Court grant Defendants' motion and issue Rule 11 sanctions against Plaintiff.

DATED this 26th day of July, 2011.

ALESSI & KOENIG, LLC

*/s/ Ryan Kerbow*

Robert A. Koenig (NV SBN 3203)
Ryan Kerbow (NV SBN 11403)
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite #205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 254-9044
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2011, I served a copy of the foregoing MOTION FOR SANCTIONS PURSUANT TO FRCP 11 by placing a copy of said motion in the US Mail, postage prepaid, addressed as follows:

Ralph Stephen Coppola, Esq.
4785 Rio Pinar Drive
Reno, NV 89509

*/s/ Ryan Kerbow*
An employee of Alessi & Koenig, LLC