John White, Esq., S.B.#1741
White Law Chartered
Twentieth Century Building
335 West First St. Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Attorney for Stephen Coppola

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

In re:

RALPH STEPHEN COPPOLA, and
DOES I to XX,

    Plaintiffs

vs:

DARREN K. PROULX, LAND RESOURCE
INVESTMENTS, INC., LAND RESOURCE
MANAGEMENT, INC., and MARINA
COMMERCIAL OFFICES, LLC and
DOES I to XX,

    Defendants

CASE NO.: 3:11-CV-00074-LRH-VPC

**JOINT CASE MANAGEMENT REPORT**

1. <u>STATEMENT OF THE NATURE OF THE CASE:</u>

    Ralph Stephen Coppola ("Plaintiff Coppola"), the initial named plaintiff, was hired as an employee of Land Resource Investments, Inc. ("LRI") in November, 2007. The sole owner of LRI, Darren K. Proulx ("Defendant Proulx") owns affiliated organizations which support the sales and managerial functions of LRI. From 1999 through 2010, LRI (or its predecessor in interest) sold undivided interests in real estate ("Interests"). Associations ("Associations") were formed by LRI to provide a structure to manage the real estate investments for the purchasers. Either LRI or an affiliated organization with LRI then provided management services to the Associations. Later, the contracts with the Associations were changed to specify that the

1

services provided were only "ministerial." Plaintiff Coppola was sold an Interest which he still owns. Plaintiff Coppola resigned in May, 2010 after informing Defendant Proulx that Plaintiff Coppola believed the actions of Defendant Proulx violated the law. Additional persons have now filed motions to join as plaintiffs, which all defendants oppose.

<u>A brief description of each claim</u>

    A. The first to fifth, and twenty seventh to twenty ninth causes allege Defendants sales violated US, California and Nevada securities acts requiring registration or exemption, and prohibiting deceptive selling techniques.

    B. The sixth to ninth causes allege Defendants provided false advertising to have approved by the California Department of Real Estate.

    C. The tenth and eleventh causes allege Defendants falsely represented expertise to bring LandBank III to final map status.

    D. The twelfth cause alleges Defendants through wrongful conduct have reaped gain from the sale of Interests causing Plaintiffs to suffer losses.

    E. The thirteenth cause alleges Defendants wrongfully received the money expended to purchase the Interests and pay the Association dues.

    F. The fourteenth cause alleges a RICO enterprise.

    G. The fifteenth cause alleges that Defendants falsely represented how long it would take to sell the Interests.

    H. The sixteenth cause alleges that Defendants breached the covenant implied by law of good faith and fair dealing in the Interest contracts.

    I. The seventeenth cause alleges Defendants are licensed California Real Estate brokers, who made false representations.

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

2

J. The eighteenth cause alleges Defendants materially interfered with Association management usurping the role of the Boards.

K. The nineteenth cause alleges breach of the covenant of good faith and fair dealing between the Associations and LRM.

L. The twentieth and twenty-first causes alleges Proulx authorized a secret series of advertising which violated the terms of the CA public reports.

M. The twenty first cause and twenty second causes of action allege violation of the CA association voting requirements.

N. The twenty third to twenty sixth causes allege Defendants caused the Associations to violate provisions of CA corporate conduct.

O. The thirtieth, thirty first, thirty fourth, forty first and forty second causes allege Proulx made false police reports.

P. The thirty second cause alleges Defendants breached the covenant of good faith and fair dealing with Plaintiff Coppola.

Q. The thirty third cause of action alleges Defendants the Americans with Disabilities Act with respect to Coppola.

R. The thirty fifth to thirty eight causes allege Proulx engaged in actions injurious to Coppola's relationship with the Associations.

S. The thirty ninth cause alleges Proulx required group employee prayer.

T. The fortieth cause alleges breach of a lease to Coppola Enterprises LLC.

U. The forty third and fourth causes allege Proulx libeled Coppola's work.

V. The forty fifth cause alleges Proulx utilized Coppola's services to commit violations of law breaching Coppola's enjoyment of contract rights.

W. The forty sixth cause alleges LRI failed to pay Coppola all wages due.

3

A brief description of each defense:

 X. Plaintiff fails to state a claim upon which relief can be granted;

 Y. Plaintiff's claims are brought in violation of the Rules of Professional Conduct;

 Z. the Court lacks subject matter jurisdiction over Plaintiff's claims;

 AA. Plaintiff's claims are barred by the doctrine of unclean hands;

 AB. Plaintiffs claims are barred by laches and/or the statutes of limitations;

 AC. Plaintiff has not incurred any damages; and

 AD. Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

2. A DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES

 A. Defendants have not submitted any facts contrary to those alleged in affidavits submitted in support of Plaintiff's motion for summary judgment concerning whether the Interests are securities.

 B. The sides disagree as to whether Plaintiff Coppola acted as a California attorney in representing Defendants while Plaintiff Coppola was an in-house employee of LRI in Sparks, Nevada.

 C. Defendants disagree with Plaintiff regarding whether the lands interests qualify as securities and assert that Plaintiff authored several legal opinions on behalf of Defendants that took this position).

 D. The parties disagree on several other factual issues.

 E. Defendants contend that Plaintiff has made the case unnecessarily unwieldy by alleging 45 causes of action and that Plaintiff did this by design, to harass the Defendants.

3. THE JURISDICTIONAL BASES FOR THE CASE, CITING SPECIFIC JURISDICTIONAL STATUTES.

   A. Section 22 gives the discrtict courts of the United States jurisdiction under the Securities Act of 1933.

   B. Section 27(a) gives the discrtict courts of the United States jurisdiction under the Securities Act of 1934.

   C. 18 U.S.C. Section 1965(b) confers jurisdiction upon the district courts under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

   D. 28 U.S.C. section 133 provides this court with jurisdiction over the Americans with Disablities Claim.

4. <u>ANY PARTIES WHO HAVE NOT BEEN SERVED AND AN EXPLANATION WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED.</u>

   A. No parties have not been served. No parties who have been served have not answered.

5. <u>A STATEMENT WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE AMEND THE PLEADINGS.</u>

   A. There are approximately 1,400 current additional owners of real estate interests. Plaintiff Coppola requests a two month period in which to notify such potential plaintiffs of this case after such date as Defendants have provided a complete list of the names and addresses of all such owners (and former owners who have sold).

   B. If this case is not resolved by Defendants' Counter Motion for Summary Judgment, Defendants intent to request leave of this court to file a counter claim against Plaintiff.

C. Plaintiff anticipates that there will be additional federal causes of action added by counsel for the additional parties.

6. A LIST OF CONTEMPLATED MOTIONS AND A STATEMENT OF ISSUES TO BE DECIDED BY THESE MOTIONS:

A. Plaintiff has brought a motion for summary judgment on the first cause of action. If such motion is granted, it will act as a basis for a number of other logically related motions for summary judgments.

B. Defendants have filed a motion for summary judgment primarily on the issue of whether Plaintiff's lawsuit violates the rules of professional conduct because it is filed against Plaintiff's former clients and concerns the subject matter of the legal representation Plaintiff provided. Defendants have filed a Motion for Judgment on the Pleadings, which concerns the issue of whether Plaintiff has adequately pleaded the elements of the causes of action in the complaint. Plaintiff formerly provided legal counsel for Defendants. Defendants intend to file a motion for a protective order regarding the disclosure of confidential information..

7. WHETHER THERE ARE ANY PENDING MOTIONS THAT MAY AFFECT THE PARTIES' ABILITIES TO COMPLY WITH A CASE MANAGEMENT ORDER, INCLUDING A BRIEF DESCRIPTION OF THOSE MOTIONS.

   None

8. THE STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR JUDGES OF THIS COURT.

   None

9. ANY FURTHER SUPPLEMENTAL DISCUSSION OF NECESSARY DISCOVERY, INCLUDING:

A. The extent, nature, and location of discovery anticipated by the parties;

None

B. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

None

C. The number of hours permitted for each deposition, unless extended by the parties.

Eight total hours.

10. <u>A DISCUSSION OF ANY ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI," INCLUDING THE FORM OR FORMS IN WHICH IS SHOULD BE PRODUCED (see Rules 16(b)(5), 26(f)(3));</u>

The parties agree that discovery responses may be provided in any convenient electronic format.

11 <u>A DISCUSSION OF ANY ISSUES RELATED TO CLAIMS OF PRIVILEGE OR WORK PRODUCT (see Rules 16(b)(6),26(f)(4));</u>

A. Defendants contend that on the basis that Plaintiff formerly provided legal counsel for Defendants, Defendants intend to file the appropriate motion to prohibit the disclosure of confidential information.

B. Plaintiff continues to note that the Nevada Rule of Professional Conduct specifically provide for exceptions relevant in this case when an attorney's services have been used to commit fraud upon the public, and when counsel is a party to the lawsuit.

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

12. <u>IN THE EVENT THE COURT HAS NOT ALREADY APPROVED A DISCOVERY PLAN AND SCHEDULING ORDER, THE PARTIES SHALL INCLUDE PROPOSED DATES FOR EACH OF THE FOLLOWING, PURSUANT TO LOCAL RULE 26-1:</u>

    A. A deadline for the completion of discovery;

Six months form completion of the conference and any mediation contemplated herein.

    B. A deadline for amending the pleadings and adding parties;

Sixty days after the defendants provide a complete list of all investors and potential investors.

    C. Dates for complete disclosure of expert testimony under Rule 26( a )(2 )(A)-( C) of the Federal Rules of Civil Procedure;

One month before completion of discovery.

    D. A deadline for the filing of dispositive motions;

Eight months;

    E. A date by which the parties will file the joint pretrial order.

Ten months.

13. <u>WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR JURY TRIAL IS CONTESTED (if the request is contested, set forth reasons);</u>

No jury trial yet requested.

14. <u>THE ESTIMATED LENGTH OF TRIAL AND ANY SUGGESTIONS FOR SHORTENING THE TRIAL:</u>

10 days

15. <u>THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS;</u>

WHITE LAW CHARTERED LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

Settlement prospects appear unlikely at this time. However the parties are open to mediation.

16. <u>ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY FED.R.CIV.P. 1</u>

None known at this time.

Dated: September 14, 2011

_____
John White, Esq., Counsel for Plaintiff

Ryan Kerbow, Esq., Counsel for Defendants

It is believed that all changes suggested by Mr. Kebow have been included. However, this was not submitted to him for signature until approximately 9 pm tonight.

WHITE LAW CHARTERED LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

## CERTIFICATE OF MAILING

I hereby certify that on this 14th day of September, 2011, I deposited the foregoing Joint Case Management Report into the US Mail, Postage prepaid, addressed to:

Robert A. Koenig
Ryan Kerbow
Alessi & Koenig, LLC
9500 W. Flamigo,
Suite 205
Las Vegas, NV 89147

Edith Agustin
402 Devonshire St.
Vallejo, CA 94591

Ramses Agustin
12374 Carmel Country Rd#308
San Diego, CA 92130

Menchie Eugenio
429 Bettona Way
Vallejo, CA 94951

Imelda & Joseph Ibanez
318 Clydesdale Dr.
San Mateo, CA 94402-5354

Fe & Gerard Astrero
PO Box 25354
American Canyon, CA 94503

_____
John White

WHITE LAW CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

10