John White, Esq., S.B.#1741
White Law Chartered
Twentieth Century Building
335 West First St. Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com
Attorney for Stephen Coppola

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

In re:

RALPH STEPHEN COPPOLA, and
DOES I to XX,

    Plaintiffs

vs:

DARREN K. PROULX, LAND RESOURCE
INVESTMENTS, INC., LAND RESOURCE
MANAGEMENT, INC., and MARINA
COMMERCIAL OFFICES, LLC and
DOES I to XX,

    Defendants

CASE NO.: 3:11-CV-00074-LRH-VPC

**SECOND AMENDED JOINT CASE MANAGEMENT REPORT**

1. STATEMENT OF THE NATURE OF THE CASE:

Ralph Stephen Coppola ("Plaintiff Coppola"), the initial named plaintiff, was hired as an employee of Land Resource Investments, Inc. ("LRI") in November, 2007. The sole owner of LRI, Darren K. Proulx ("Defendant Proulx") owns affiliated organizations which support the sales and managerial functions of LRI. From 1999 through 2010, LRI (or its predecessor in interest) sold undivided interests in real estate ("Interests"). Associations ("Associations") were formed by LRI to provide a structure to manage the real estate investments for the purchasers. Either LRI or an affiliated organization with LRI then provided management services to the Associations. Later, the contracts with the Associations were changed to specify that the

1

services provided were only "ministerial." Plaintiff Coppola was sold an Interest which he still owns. Plaintiff Coppola resigned in May, 2010 after informing Defendant Proulx that Plaintiff Coppola believed the actions of Defendant Proulx violated the law. Additional persons have now filed motions to join as plaintiffs, which all defendants oppose.

A brief description of each claim[1]

    A. The first and second, and twenty sixth to twenty eighth causes allege Defendants sales violated federal and Nevada securities acts requiring registration or exemption, and prohibiting deceptive selling techniques.

    B. The eighth cause alleges Defendants provided false advertising to have approved by the California Department of Real Estate.

    C. The twelfth cause alleges Defendants through wrongful conduct have reaped gain from the sale of Interests causing Plaintiffs to suffer losses.

    D. The thirteenth cause alleges Defendants wrongfully received the money expended to purchase the Interests and pay the Association dues.

    E. The fourteenth cause alleges a RICO enterprise.

    F. The eighteenth cause alleges Defendants materially interfered with Association management usurping the role of the Boards.

    G. The nineteenth cause alleges breach of the covenant of good faith and fair dealing between the Associations and LRM.

    H. The twenty second cause alleges Proulx authorized a secret series of advertising which violated the terms of the CA public reports.

---

[1] Plaintiff is filing, contemporaneously herewith, a Motion to Dismiss Certain of His Causes of Action. The 22 causes of action sought to be dismissed are not included in the above claim summary. The original numbering has nonetheless been retained for clarity's sake. Plaintiff expects to renumber his causes of action when he files his Motion to Amend Complaint and, if that motion is granted, expects to file a "Corrected" Second Amended Joint Case Management Report, using the new numbering to describe his claims.

2

I. The twenty third cause of action alleges violation of the CA association voting requirements.

J. The twenty fifth to twenty eighth causes allege Defendants caused the Associations to violate provisions of CA corporate conduct.

K. The Twenty ninth cause alleges intentional infliction of emotional distress by defendants upon plaintiff.

L. The thirty third and fortieth causes allege Proulx made false police reports.

M. The thirty first cause alleges Defendants breached the covenant of good faith and fair dealing with Plaintiff Coppola.

N. The thirty fourth causes allege Proulx engaged in actions injurious to Coppola's relationship with the Associations.

O. The forty first and forty third causes allege Proulx slandered and libeled Coppola's work, per se.

P. The forty fourth cause alleges Proulx utilized Coppola's services to commit violations of law breaching Coppola's enjoyment of contract rights.

Q. The forty fifth cause alleges LRI failed to pay Coppola all wages due.

A brief description of each defense:

R. Plaintiff fails to state a claim upon which relief can be granted;

S. Plaintiff's claims are brought in violation of the Rules of Professional Conduct;

T. The Court lacks subject matter jurisdiction over Plaintiff's claims;

U. Plaintiff's claims are barred by the doctrine of unclean hands;

V. Plaintiffs claims are barred by laches and/or the statutes of limitations;

W. Plaintiff has not incurred any damages; and,

X. Plaintiff's claims are barred because of waiver, acquiescence and/or estoppel.

2. <u>A DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES</u>

    A. Whether the Plaintiff's interest in real property constituted a security under federal or state law.

    B. Whether the complaint, as it may be amended, is brought in violation of California or Nevada Rules of Professional Conduct and if so, whether Plaintiff can continue to maintain the suit.

    C. Whether the sale of the interest to Plaintiff was in violation of federal or state securities law.

    D. Whether Defendants continue to control the associations and if so whether that control is maintained in violation of federal or state securities law.

    E. Whether the collection of dues by the association in which Plaintiff is a member violates federal or state securities laws.

    F. Whether Defendants interfered with Plaintiff's retainer agreements with the Associations and if so whether that interference was wrongful.

    G. The parties disagree on several other factual issues.

3. <u>THE JURISDICTIONAL BASES FOR THE CASE, CITING SPECIFIC JURISDICTIONAL STATUTES.</u>

    A. Section 22 gives the district courts of the United States jurisdiction under the Securities Act of 1933.

    B. Section 27(a) gives the district courts of the United States jurisdiction under the Securities Act of 1934.

    C. 18 U.S.C. Section 1965(b) confers jurisdiction upon the district courts under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4

   D. 28 U.S.C. section 133 provides this court with jurisdiction over the Americans with Disabilities Claim.

4. <u>ANY PARTIES WHO HAVE NOT BEEN SERVED AND AN EXPLANATION WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED.</u>

   A. No parties have not been served. No parties who have been served have not answered.

5. <u>A STATEMENT WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE AMEND THE PLEADINGS.</u>

   A. The association in which Plaintiff is a member may seek to become a party.

   B. If this case is not resolved by Defendants' Counter Motion for Summary Judgment, Defendants intend to request leave of this court to file a counter claim against Plaintiff.

   C. Plaintiff expects to seek leave of court to amend his complaint to remove the "Doe" plaintiff allegations and as otherwise provided herein.

6. <u>A LIST OF CONTEMPLATED MOTIONS AND A STATEMENT OF ISSUES TO BE DECIDED BY THESE MOTIONS;</u>

   A. Plaintiff expects to file a motion to further amend the complaint and may seek to add the association of which he is a member as a party. Defendants will not oppose the motion to amend, provided however that they reserve all rights to object to the addition of any additional plaintiffs.

   B. The parties may file a joint motion to bifurcate the trial.

   C. Defendants may file a separate dispositive motion on the securities issue.

WHITE LAW
CHARTERED
LAWYERS
0TH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

5

    D. As Plaintiff formerly provided legal counsel for Defendants, Defendants intend to file the appropriate motion(s) to prohibit the disclosure of confidential information.

7. <u>WHETHER THERE ARE ANY PENDING MOTIONS THAT MAY AFFECT THE PARTIES' ABILITIES TO COMPLY WITH A CASE MANAGEMENT ORDER, INCLUDING A BRIEF DESCRIPTION OF THOSE MOTIONS.</u>

    A. Plaintiff has brought a motion for summary judgment on the first cause of action. If such motion is granted, it will act as a basis for a number of other logically related motions for summary judgments.

    B. Defendants have filed a motion for summary judgment primarily on the issue of whether Plaintiff's lawsuit violates the rules of professional conduct because it is filed against Plaintiff's former clients and concerns the subject matter of the legal representation Plaintiff provided. Defendants have filed a Motion for Judgment on the Pleadings, which concerns the issue of whether Plaintiff has adequately pleaded the elements of the causes of action in the complaint. Plaintiff formerly provided legal counsel for Defendants. Defendants intend to file a motion for a protective order regarding the disclosure of confidential information.

8. <u>THE STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR JUDGES OF THIS COURT.</u>

    None

9. <u>ANY FURTHER SUPPLEMENTAL DISCUSSION OF NECESSARY DISCOVERY, INCLUDING:</u>

    A. The extent, nature, and location of discovery anticipated by the parties;

WHITE LAW CHARTERED LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

Some of the initial disclosures required by Rule 16.1 have been made. Pursuant to this Court's order of September 19, the parties have until Oct. 3rd to complete service of initial disclosures. Once that has been completed, the parties will better know the extent and nature of further discovery needed.

  B. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

See paragraph 12 below.

  C. The number of hours permitted for each deposition, unless extended by the parties.

Eight total hours.

10. <u>A DISCUSSION OF ANY ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI," INCLUDING THE FORM OR FORMS IN WHICH IS SHOULD BE PRODUCED (see Rules 16(b)(5), 26(f)(3));</u>

The parties agree that discovery responses may be provided in any convenient electronic format.

11. <u>A DISCUSSION OF ANY ISSUES RELATED TO CLAIMS OF PRIVILEGE OR WORK PRODUCT (see Rules 16(b)(6),26(f)(4));</u>

  A. This issue is the subject of Defendant's pending counter-motion for Summary Judgment/Adjudication.

12. <u>IN THE EVENT THE COURT HAS NOT ALREADY APPROVED A DISCOVERY PLAN AND SCHEDULING ORDER, THE PARTIES SHALL INCLUDE PROPOSED DATES FOR EACH OF THE FOLLOWING, PURSUANT TO LOCAL RULE 26-1:</u>

  A. A deadline for the completion of discovery;

7

December 3, 2011. (Counsel, believing the December 3 date may not provide sufficient time, stipulate that the deadline for completion of discovery be extended until February 1, 2012.)

B. A deadline for amending the pleadings and adding parties;

September 4, 2011. (Counsel stipulate that the deadline for amending pleadings and adding parties be extended until October 14, 2011. Defendants shall respond to any amended complaint within the time permitted by FRCP. )

C. Dates for complete disclosure of expert testimony under Rule 26( a )(2 )(A)-( C) of the Federal Rules of Civil Procedure;

October 4, 2011. (Counsel stipulate that this date be extended for 60 days so they can relate the expert witness situation to any amended complaint.)

D. A deadline for the filing of dispositive motions;

January 3, 2012. (Counsel stipulate that the deadline for filing dispositive motions be extended until March 3, 2012.)

E. A date by which the parties will file the joint pretrial order.

February 2, 2012. (Counsel stipulate that the deadline for filing dispositive motions be extended until April 3, 2012.)

13. <u>WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR JURY TRIAL IS CONTESTED (if the request is contested, set forth reasons);</u>

No jury trial has been requested at this time.

14. <u>THE ESTIMATED LENGTH OF TRIAL AND ANY SUGGESTIONS FOR SHORTENING THE TRIAL:</u>

10 days. Counsel stipulate that the issues for trial may be bifurcated so that issues concerning whether Plaintiff is permitted to proceed under the rules of professional conduct, and

if so, what he may testify to without violating Defendants' right to confidentiality of the lawyer-client relationship tried before any other issues.

15. <u>THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS;</u>

Settlement prospects appear unlikely at this time. However the parties are open to mediation.

16. <u>ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY FED.R.CIV.P. 1</u>

None known at this time.

Signed: September 30, 2011                                      Signed: September 30, 2011

_/s/ John White_                                                          _/s/ Ryan Kerbow_
John White, Esq., Counsel for Plaintiff              Ryan Kerbow, Esq., Counsel for Defendants

WHITE LAW CHARTERED
LAWYERS
OTH CENTURY BLDG.
135 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2011, I served the foregoing **SECOND AMENDED JOINT CASE MANAGEMENT REPORT** in the following manner:

__x__ a. Via the Court's CM/ECF filing system to all parties registered therein, and,

__x__ b. By depositing a true and correct copy of the above-entitled document into the US Mail, Postage prepaid, addressed to:

Robert A. Koenig
Ryan Kerbow
Alessi & Koenig, LLC
9500 W. Flamigo,
Suite 205
Las Vegas, NV 89147

Thomas James Bayard
Alessi & Bayard
556 N. Diamond Bar Blvd.
Ste. 300
Diamond Bar, CA 91765

Menchie Eugenio
429 Bettona Way
American Canyon,
CA 94503

Edith Agustin
402 Devonshire St.
Vallejo, CA 94591

Imelda & Joseph Ibanez
318 Clydesdale Dr.
Vallejo, CA 94591

Katrina Lumas
318 Clydesdale Dr.
Vallejo, CA 94591

Flora Figueras
318 Clydesdale Dr.
Vallejo, CA 94591

Ramses Agustin
12374 Carmel Country
Rd#308
San Diego, CA 92130

Fe & Gerard Astrero
PO Box 25354
San Mateo, CA 94402-5354

Belen Lumas
318 Clydesdale Dr.
Vallejo, CA 94591

Signed this _____ day of September, 2011.

/s/
John White, Employee,
White Law Chartered

10