# Exhibit E

# Exhibit E

**This page is part of your document - DO NOT DISCARD**



## 20100015186



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/06/10 AT 08:00AM**

| | |
|---|---:|
| FEES: | 27.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |



**LEADSHEET**



201001060180009

**00001745700**



002475828

**SEQ:**
**24**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**



E460070                                                         t21

FIDELITY-VAN NUYS
JON LEGG

RECORDING REQUESTED BY:
FIDELITY NATIONAL TITLE COMPANY

WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:

LAND RESOURCE INVESTMENTS, INC
325 Harbour Cove Dr. Ste# 211
Sparks, NV 89494

TITLE ORDER# _____

01/06/2010

*20100015186*

INTEREST # 002
APN # 3384-003-008

Space Above For Recorder's Use

# GRANT DEED AND IRREVOCABLE POWER OF ATTORNEY

The undersigned Grantor Declares: Documentary Transfer Tax is  [ NOT FOR PUBLIC RECORD ]

**FOR VALUABLE CONSIDERATION, LAND RESOURCE INVESTMENTS, INC., A CALIFORNIA CORPORATION**
hereby grants to
Ralph Stephen Coppola, Trustee of the R. S. Coppola Trust dated October 19, 1995, as amended, Ralph Stephen Coppola, Sole Settlor and Sole Trustee, ("GRANTEE")

One/Two Hundredth (1/200th) undivided interest in and to those certain parcels of real property located in the County of Los Angeles, more particularly described as: APN 3384-003-008
COUNTY OF LOS ANGELES ASSESSOR'S ID NUMBER 3384-003-008
Parcel 1: The East half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950. Also except therefrom those portions of said land described as follows:
Parcel A: The Southeast Quarter of the Southeast Quarter of the Northwest Quarter of the Northeast Quarter of said section.
Parcel B: The North 10 feet of the East 100 feet of the Northeast Quarter of the Northeast Quarter of the Southwest Quarter of the Northeast Quarter of said section.
Parcel 2: The West half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950.

Dated: 11/3/2009

**Land Resource Investments, Inc., a California Corporation**

By: _____
Darren K. Proulx, CEO

State of Nevada
County of Washoe

On __11/12/09__ before me, __L. OHMENZETTER__, Notary Public,
*(Here print name of Notary Public exactly as written on official seal)*

personally appeared Darren K. Proulx, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of __Nevada__ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
(Signature)

L. OHMENZETTER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-108180-2 · Expires July 27, 2010

Rev 4.10.09

## ACCEPTANCE OF DEED AND GRANTING OF POWER OF ATTORNEY
## COUPLED WITH AN INTEREST

3

GRANTEE hereby accepts the said conveyance and by these presents, and in consideration thereof, hereby grants an IRREVOCABLE POWER OF ATTORNEY COUPLED WITH AN INTEREST, as follows:

One/Two Hundredth (1/200th) undivided interest in and to those certain parcels of real property located in the County of Los Angeles, more particularly described as: APN 3384-003-008
COUNTY OF LOS ANGELES ASSESSOR'S ID NUMBER 3384-003-008
Parcel 1: The East half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950. Also except therefrom those portions of said land described as follows:
Parcel A: The Southeast Quarter of the Southeast Quarter of the Northwest Quarter of the Northeast Quarter of said section.
Parcel B: The North 10 feet of the East 100 feet of the Northeast Quarter of the Northeast Quarter of the Southwest Quarter of the Northeast Quarter of said section.
Parcel 2: The West half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950.

THE UNDERSIGNED GRANTEE HEREBY GRANTS TO THE BOARD OF DIRECTORS OF CAL-LAND RESOURCES 008 ASSOCIATION, INC., A CALIFORNIA CORPORATION, (ASSOCIATION), AS IT IS APPOINTED OR ELECTED FROM TIME TO TIME, THE POWER TO SIGN A GRANT DEED CONVEYING THE UNDIVIDED FRACTIONAL INTEREST DESCRIBED ABOVE TO A THIRD PARTY AT THE TIME AND UPON THE TERMS AND CONDITIONS STATED IN THE BY-LAWS OF THE ASSOCIATION. THIS POWER IS LIMITED TO THE CONVEYANCE OF THE ABOVE-DESCRIBED PROPERTY AND OTHER ACTS INCIDENT THERETO. THIS POWER OF ATTORNEY IS FOR THE BENEFIT OF THE BOARD OF DIRECTORS OF THE ASSOCIATION AND FOR THE BENEFIT OF EACH AND EVERY OTHER MEMBER OF THE ASSOCIATION, IN CONSIDERATION OF THEIR EXECUTION OF THE SAME DOCUMENT. THE POWER DOES NOT INCLUDE THE POWER TO MAKE HEALTH CARE DECISIONS FOR GRANTEE BUT THIS POWER EXPRESSLY SHALL NOT BE AFFECTED BY THE SUBSEQUENT DEATH OR INCAPACITY OF GRANTEE, PURSUANT TO CAL. CIVIL CODE SECTION 2356. GRANTEE INTENDS BY THE GRANT OF THIS IRREVOCABLE POWER FOR THE BENEFIT OF THE ASSOCIATION AND ALL OTHER MEMBERS OF THE ASSOCIATION TO PERMIT THE SALE OF THE ABOVE DESCRIBED PROPERTY INTEREST WITHOUT THE NECESSITY OF HAVING THE CONSENT OR ACTION OF ONE HUNDRED PERCENT (100%) OF THE MEMBERS OF THE ASSOCIATION.

Dated: 11/3/2009

Ralph Stephen Coppola, Trustee of the R. S. Coppola Trust dated October 19, 1995, as amended, Ralph Stephen Coppola, Sole Settlor and Sole Trustee

_[signature]_
Ralph Stephen Coppola, Trustee

State of ___Nevada___
County of ___Washoe___

On __11/10/09__ before me, ___L. OHMENZETTER___, Notary Public,
*(Here print name of Notary Public exactly as written on official seal)*

personally appeared **Ralph Stephen Coppola**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___Nevada___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_
(Signature)

L. OHMENZETTER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-108180-2 - Expires July 27, 2010

Rev 4.10.09

## SALE ESCROW INSTRUCTIONS
## FOR THE UNDIVIDED INTEREST SUBDIVISION KNOWN AS:
## CALIFORNIA LANDBANK 008

Date: 12/14/2009
Escrow No.: 11802R
Escrow Officer:   Teri Cox

These instructions are given from Land Resource Investments, Inc., a California Corporation, hereinafter referred to as "Seller," and **Ralph Stephen Coppola, Trustee of the R.S. Coppola Trust dated October 19, 1995, as amended, Ralph Stephen Coppola, Sole Settlor and Sole Trustee**, Hereinafter referred to as "Buyer," concerning Real Property in the State of California as follows:

One/Two Hundredth (1/200th) undivided interest in and to those certain parcels of real property located in the County of Los Angeles, more particularly described as: COUNTY OF Los Angeles ASSESSOR'S ID NUMBER APN 3384-003-008

COUNTY OF LOS ANGELES ASSESSOR'S ID NUMBER 3384-003-008
Parcel 1: The East half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950. Also except therefrom those portions of said land described as follows:
Parcel A: Southeast Quarter of the Southeast Quarter of the Northwest Quarter of the Northeast Quarter of said section.
Parcel B: The North 10 feet of the East 100 feet of the Northeast Quarter of the Northeast Quarter of the Southwest Quarter of the Northeast quarter of said section.
Parcel 2: The West half of the West half of the Northeast Quarter of Section 14, Township 7 North, Range 11 West, San Bernardino Base Meridian, in the County of Los Angeles, State of California, according to the Official Plat of said land filed in the District Land Office. Except any portion thereof included in public streets, as the same existed on October 24, 1950.

SELLER/TRANSFEROR STATES THAT ASSESSOR'S PARCEL NUMBER IS: APN: 3384-003-008, and for ease of reference purposes only, said undivided interest is referred to as "Interest # 002"

Buyer and Seller will deliver, or cause to be delivered, before the close of escrow, all funds and/or instruments as herein required, properly executed to Fidelity National Title, hereinafter referred to as "Escrow Holder."
Escrow Holder is irrevocably authorized and instructed to deliver said instruments as herein instructed when consideration deliverable to Seller is in escrow and a policy of title insurance in the usual form can be issued for an amount not less than the total consideration for said Interest, insuring Buyer and the real property, as herein described, free from all encumbrances except:
1. Current general and special taxes for the fiscal year in which this escrow closes, and taxes for the ensuing year, if any, a lien not yet due and payable;
2. The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California;
3. Bonds and Assessments with no delinquent payments, if any;
4. Covenants, conditions, restrictions, reservations, easements, rights, rights of way, and exceptions of minerals, oil, gas, water carbons

**PRORATIONS: Prorate as of the close of escrow, based on a 30-day month. OR   ☐ NONE**
**CONSUMMATION of this escrow is CONTINGENT UPON THE FOLLOWING:**
**FINANCIAL TERMS:**

   **$0.00 Initial Deposit**
   **$2,500.00 Additional Deposit (Total Deposit paid outside of escrow via Entrust Administration on your behalf)**
   **$14,000.00 Amount Financed**

   **$16,500.00 Total Consideration (includes $500.00 Closing Costs paid to Seller outside of close of escrow)**
X___ Purchase Money Installment Note and Deed of Trust prepared outside of escrow to file in favor of Land Resource Investments, Inc., a California Corporation herein in the amount of **$14,000.00** with interest from date of closing, on the unpaid principal, at the rate of 11% per annum. Principal and interest payable in monthly installments of **$219.92**, OR MORE, payable the First (1ˢᵗ) day of the First Month, which said date falls thirty (30) days or more following the date of escrow close, and continuing on the same date monthly thereafter until principal and interest accruing thereto are paid in full. Escrow Holder is authorized and instructed to insert the date interest is to begin accruing on said Note, over and above the signatures of the Buyer at close of escrow without further approval from parties herein.
Said Note and/or Deed of Trust to contain the following recitals:
**LATE CHARGE:** If any installment due is delinquent more than 10 days, the Borrower to the Note agrees to pay a late charge on each installment of $25.00 or 10% of the delinquent payment, whichever is larger. All late charges are to be paid on demand.
**RETURN CHECK:** Borrower and Note Holder agree that it would be difficult to determine the actual damages to the Note Holder or Note Holder's Agent for the return of an unpaid check provided by Borrower. It is hereby agreed that Borrower will pay the sum equal to 5% of the amount returned or $15.00, whichever is greater. However, in any event the maximum charge for an unpaid check is not to exceed the sum of $25.00. This amount is in lieu of any statutory monetary penalty, if any; however, the Note Holder does not waive any other rights that may be authorized under any statute.
**BENEFICIARY'S ASSIGNMENT OF NOTE:** The Holder of this Note shall have the right to sell, assign, or transfer, either in part or in its entirety, this Note, the Deed of Trust securing the indebtedness of this note to one or more Investors without Borrower's consent.
Escrow Holder makes no representation as to the validity, sufficiency, or enforcement of the above recital is) and is held harmless of all past, present, or future responsibility and/or liability both legally and equitably in connection therewith. Seller and buyer have satisfied themselves outside of escrow as to the effect and intent of the foregoing provision is), and escrow holder is hereby relieved of any and all liability and/or responsibility as to the validity and enforcement of same.

*Continued on following page*

Initials: *[signature]*

Escrow: 11802R

Date: 12/14/2009

Page 2

ADDITIONAL INSTRUCTIONS:

1. IRREVOCABLE INSTRUCTIONS TO STANDARD MORTGAGE FINANCIAL SERVICES, INC.: Buyer is aware that the real property described above is subject to CC&Rs which shall be recorded prior to close of this escrow in the of OFFICIAL RECORDS of the County Recorder of Los Angeles County, CA, and Buyer acknowledges receiving a copy of such Declaration of CC&R's.

2. Buyer and Seller agree that all funds are to be deposited in escrow and that close of escrow is EXPRESSLY contingent upon the following:
   a. The concurrent close of this escrow with Seller's acquisition for the purpose of obtaining title to the subject property.
   b. Seller may enter into a lease on the subject property for a term of 5 years during which time the lease shall utilize subject property for farming. Said lease, if applicable, shall contain provisions for renewal on a year-to-year basis. Seller shall assign said lease, if applicable, to the Association upon close of escrow.
   c. Seller transferring title to the subject property free and clear of all blanket liens and encumbrances and complying with Section 11013.4(a) of the California Business and Professions Code;
   d. Seller to provide title free and clear of any delinquent real property taxes, or in the alternative, Escrow Holder to retain from Buyer's deposit an amount equivalent to One/Two Hundredth (1/200th) of of the total delinquent Real Estate Property Tax Liability existing as of the date of Buyer's close of escrow. Such retained funds shall be held in escrow until such time as (1) Real Property taxes have been paid current through the date of the close of the Buyer's escrow, or (2) Seller has a deposited a Bond, cash deposit or other security in a form and amount acceptable to the California Department of Real Estate, which shall provide for the return of the Buyer's proportionate share of the total delinquent Real Property Tax existing as of the date of Buyer's close of escrow if a proper release from the delinquent tax liability is not obtained.
   e. No escrows shall remain open for a period in excess of one year. If Buyer's escrow's are not closed within such applicable time limit, Seller shall return all of Buyer's funds theretofore deposited in escrow without deduction and Buyer shall thereafter have no right, title, or interest in the undivided interest being purchased herein.
   f. If any of the above conditions have not been met, the escrow is not to close and no funds shall be disbursed nor shall any interest herein be conveyed to the Buyer. In that event, all funds deposited into escrow by the Buyer shall be returned to the Buyer, without deduction. In no event shall any escrow close, funds be disbursed, or interest conveyed to the Buyer until no less than 60% of the interests to the subject property herein have been placed in escrow and the Buyer has received, and signed for, a copy of the final subdivision report as issued by the California Department of Real Estate.

3. Buyer agrees that by accepting title to an undivided interest each owner or their successors in interest absolutely and unconditionally waives the right to partition or divide the real property, and waives the right to seek partition for the purposes of sale of the real property or any part of it, unless the terms and conditions described in the Declaration and By-Laws of the corporation have been met.

4. Buyer is aware that the Total Consideration is for an equal One/Two Hundredth (1/200th) undivided interest in the real property described above which interest is assigned the title of "Interest # 002" for identification purposes only.

5. Buyer acknowledges before close of escrow, Buyer will receive and have opportunity to read and approve the California Department of Real Estate **Public Report, File Number, 124763LA-F00, issued on 4/11/2006,** and Buyer will give Seller a signed required Receipt acknowledging receipt of such Public Report.

6. EACH PARTY SIGNING THESE INSTRUCTIONS ACKNOWLEDGES:
   A. They have read all escrow instructions, provisions, conditions and applicable supplements, if any, in their entirety, and concur in, approve, accept, and agree to be bound thereby.
   B. They have received a copy of these instructions, the Articles of Incorporation of Cal-Land Resources 008 Association, Inc., the by-laws of Cal-Land Resources 008 Association, Inc., and the Declaration of Restrictions which apply to the above described Real Property and the undivided interest in such Property that Buyer is purchasing.
   C. That their signatures on these and subsequent escrow instructions, if any, indicates their unconditional agreement, approval, and acceptance of all documents received by, and executed by, Buyer.
   D. That all funds deposited in this escrow may be placed in federally insured, non-interest bearing accounts, at any bank or savings and loan association having offices in, and licensed by, the State of California. Interest shall be neither earned nor paid to Buyer in the event the purchase transaction contemplated herein is cancelled and Buyer becomes entitled to the return of such funds.
   E. The following costs are to be paid by Buyer pursuant to the **Land Purchase Agreement** executed by the Buyer for this transaction. Buyer will pay $500.00 toward title fees, escrow fees, and closing costs. The Seller will pay all remaining costs, including, but not limited to, fees, policy of title insurance and documentary transfer tax.
   F. Buyer and Seller herein instruct Escrow Holder to transfer all documentation to an individual escrow number to be assigned to each undivided interest prior to and for the sole purposes of closing this transaction pursuant to Item 2-A of Additional Instructions herein. Buyer understand that all funds disbursed in connection with this purchase escrow will be paid from Standard Mortgage Financial Services, Inc., Master Escrow File # 11802R. Escrow holder is instructed to issue a separate closing statement to the Seller and Buyer for this specific Escrow referenced herein.

THE FOREGOING INSTRUCTIONS AND THOSE "GENERAL PROVISIONS" ATTACHED HERETO AND MADE A PART HEREOF ARE APPROVED AND ACCEPTED IN THEIR ENTIRETY AS FULLY SET OUT IN THIS PARAGRAPH. EACH OF THE UNDERSIGNED BUYERS HEREBY AUTHORIZES ESCROW AGENT TO FURNISH COPIES OF CLOSING STATEMENTS TO LENDER AND/OR BROKER INVOLVED.

I/WE HAVE RECEIVED A COPY OF THESE INSTRUCTIONS.

Ralph Stephen Coppola, Trustee of the R.S. Coppola Trust dated October 19, 1995, as amended, Ralph Stephen Coppola, Sole Settlor and Sole Trustee

_Ralph Stephen Coppola, Trustee_

MAILING ADDRESS:
4785 Rio Pinar Drive
Reno, NV 89509
USA

Land Resource Investments, Inc., a California Corporation

By: _____    Date: _____

MAILING ADDRESS: 325 Harbour Cove Dr. Ste# 211, Sparks, NV 89494

**END OF INSTRUCTIONS.**

Escrow No: 11802R

Date: 12/14/2009
Page 3

## GENERAL PROVISIONS

1. **DEPOSIT OF FUNDS**
The law dealing with the disbursement of funds requires that all funds be available for withdrawal as a matter of right by the title entity's escrow and/or sub escrow account prior to disbursement of any funds. Only cash or wire transferred funds can be given immediate availability upon deposit. Cashier's checks, teller's checks and Certified checks may be available one business day after deposit. All other funds such as personal, corporate or partnership checks and drafts are subject to mandatory holding periods which may cause material delays in disbursement of funds in this escrow. In order to avoid delays, all fundings should be wire transfer. Outgoing wire transfers will not be authorized until confirmation of the respective incoming wire transfer or of availability of deposited checks.
All funds received in this escrow shall be deposited with other escrow funds in a general escrow account or accounts of Standard Mortgage Financial Services, Inc., with any state or national bank, or savings and loan association (the "depository institution") and may be transferred to any other such general escrow account or accounts. The parties to this escrow acknowledge that the maintenance of such escrow accounts with some depository institutions may result in Escrow Holder's being provided with an array of bank services, accommodations or other benefits by the depository institution. Escrow Holder or its affiliates also may elect to enter into other business transactions with or obtain loans for investment or other purposes from the depository institution. All such services, accommodations and other benefits shall accrue to Escrow Holder and Escrow Holder shall have no obligation to account to the parties to this escrow for the value of such services, accommodations or other benefits. Said funds will not earn interest unless the instructions otherwise specifically state that funds shall be deposited in an interest-bearing account. All disbursements shall be made by check of Standard Mortgage Financial Services, Inc.. The principals to this escrow are hereby notified that the funds deposited herein are insured only to the limit provided by the Federal Deposit Insurance Corporation. Any instruction for bank wire will provide reasonable time or notice for Escrow Holder's compliance with such instructions. Escrow Holder's sole duty and responsibility shall be to place said wire transfer instructions with its wiring bank upon confirmation of (1) satisfaction of conditions precedent or (2) document recordation at close of escrow. Escrow Holder will NOT be held responsible for lost interest due to wire delays caused by any bank or the Federal Reserve System, and recommends that all parties make themselves aware of banking regulations with regard to placement of wires. In the event there is insufficient time to place a wire upon any such confirmation or the wires have closed for the day, the parties agree to provide written instructions for an alternative method of disbursement. WITHOUT AN ALTERNATIVE DISBURSEMENT INSTRUCTION, FUNDS WILL BE HELD IN TRUST IN A NON-INTEREST BEARING ACCOUNT UNTIL THE NEXT OPPORTUNITY FOR WIRE PLACEMENT. To the extent provided by law, if for any reason funds are retained or remain in escrow following the close of escrow, you are to deduct therefrom a reasonable monthly charge as custodian thereof of not less than $10.00 per month.

2. **PRORATIONS AND ADJUSTMENTS** All prorations and/or adjustments called for in this escrow are to be made on the basis of a thirty (30) day month unless otherwise instructed in writing. You are to use information contained on last available tax statement, rental statement as provided by the Seller, beneficiary's statement and fire insurance policy delivered into escrow for the prorations provided for herein.

3. **SUPPLEMENTAL TAXES** The within described property may be subject to supplemental real property taxes due to the change of ownership taking place through this escrow. Any supplemental real property taxes arising as a result of the transfer of the property to Buyer shall be the sole responsibility of Buyer and any supplemental real property taxes arising prior to the closing date shall be the sole responsibility of the Seller. TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

4. **UTILITIES/POSSESSION** Transfer of utilities and possession of the premises are to be settled by the parties directly and outside escrow.

5. **PREPARATION AND RECORDATION OF INSTRUMENTS** Escrow Holder is authorized to prepare, obtain, record and deliver the necessary instruments to carry out the terms and conditions of this escrow and to order the policy of title insurance to be issued at close of escrow as called for in these instructions. Close of escrow shall mean the date instruments are recorded.

6. **AUTHORIZATION TO FURNISH COPIES** You are authorized to furnish copies of these instructions, supplements, amendments, notices of cancellation and closing statements, to the Real Estate Broker(s) and Lender(s) named in this escrow.

7. **RIGHT OF CANCELLLATION** Any principal instructing you to cancel this escrow shall file notice of cancellation in your office in writing. You shall, within two (2) working days thereafter, deliver one copy of such notice to each of the other principals at the address stated in this escrow. UNLESS WRITTEN OBJECTION TO CANCELLATION IS FILED IN YOUR OFFICE BY A PRINCIPAL WITHIN TEN (10) DAYS AFTER DATE OF SUCH MAILING, YOU ARE AUTHORIZED TO COMPLY WITH SUCH NOTICE AND DEMAND PAYMENT OF YOUR CANCELLATION CHARGES. If written objection is filed, you are authorized to hold all money and instruments in this escrow and take no further action until otherwise directed, either by the principals' mutual written instructions, or by final order of a court of competent jurisdiction.

8. **PERSONAL PROPERTY** No examination or insurance as to the amount or payment of personal property taxes is required unless specifically requested. By signing these General Provisions, the parties to the escrow hereby acknowledge that they are indemnifying the Escrow Holder against any and all matters relating to any "Bulk Sales" requirements, and instruct Escrow Agent to proceed with the closing of escrow without any consideration of matter of any nature whatsoever regarding "Bulk Sales" being handled through escrow.

9. **RIGHT OF RESIGNATION** Escrow Holder has the right to resign upon ten (10) days written notice delivered to the principals herein. If such right is exercised, all funds and documents shall be returned to the party who deposited them and Escrow Holder shall have no liability hereunder.

10. **AUTHORIZATION TO EXECUTE ASSIGNMENT OF HAZARD INSURANCE POLICIES** Either Buyer, Seller and/or Lender may hand you the insurance agent's name and insurance policy information, and you are to execute, on behalf of the principals hereto, form assignments of interest in any insurance policy (other than title insurance) called for in this escrow, forward assignment and policy to the insurance agent, requesting that the insurer consent to such transfer and/or attach a loss payable clause and/or such other endorsements as may be required, and forward such policy(s) to the principals entitled thereto. It is not your responsibility to verify the information handed you or the assignability of said insurance. Your sole duty is to forward said request to insurance agent at close of escrow. Further, there shall be no responsibility upon the part of Escrow Holder to renew hazard insurance policy(s) upon expiration or otherwise keep it in force either during or subsequent to the close of escrow. Cancellation of any existing hazard insurance policies is to be handled directly by the principals, and outside of escrow.

11. **ACTION INTERPLEADER** The principals hereto expressly agree that you, as Escrow Holder, have the absolute right at your election to file an action in interpleader requiring the principals to answer and litigate their several claims and rights among themselves and you are authorized to deposit with the clerk of the court all documents and funds held in this escrow. In the event such action is filed, the principals jointly and severally agree to pay your cancellation charges and costs, expenses and reasonable attorney's fees which you are required to expend or incur in such interpleader action, the amount thereof to be fixed and judgment therefore to be rendered by the court. Upon the filing of such action, you shall thereupon be fully released and discharged from all obligations imposed by the terms of this escrow or otherwise.

12. **TERMINATION OF AGENCY OBLIGATION** If there is no action taken on this escrow within six (6) months after the "time limit date" as set forth in the escrow instructions or written extension thereof, your agency obligation shall terminate at your option and all documents, monies or other items held by you shall be returned to the parties depositing same. In the event of cancellation of this escrow, whether it be at the request of any of the principals or otherwise, the fees and charges due Standard Mortgage Financial Services, Inc., including expenditures incurred and/or authorized shall be borne equally by the parties hereto (unless otherwise agreed to specifically).

13. **CONFLICTING INSTRUCTIONS** Upon receipt of any conflicting instructions, you are to take no action in connection with this escrow until non-conflicting instructions are received from all of the principals to this escrow (subject to sections 7, 9, 11 and 12 above).

*Continued on following page*

Initials: [signature]

Escrow No: 11802R

Date: 12/14/2009

Page 4

14. **REIMBURSEMENT ATTORNEY FEES/ESCROW HOLDER** In the event that a suit is brought by any party or parties to these escrow instructions to which the Escrow Holder is named as a party which results in a judgment in favor of the Escrow Holder and against a principal or principals herein, the principals or principals' agent agree to pay said Escrow Holder all costs, expenses and reasonable attorney's fees which it may expend or incur in said suit, the amount thereof to be fixed and judgment therefore to be rendered by the court in said suit.
15. **DELIVERY/RECEIPT** Delivery to principals as used in these instructions unless otherwise stated herein is to be by regular mail, and receipt is determined to be 72 hours after such mailing. All documents, balances and statements due to the undersigned are to be mailed to the address shown herein.
16. **STATE/FEDERAL CODE NOTIFICATIONS** According to Federal Law, the Seller, when applicable, will be required to complete a sales activity report that will be utilized to generate a 1099 statement to the Internal Revenue Service. Pursuant to State Law, prior to the close of escrow, Buyer will provide Escrow Holder with a Preliminary Change of Ownership Report. In the event said report is not handed to Escrow Holder for submission to the County in which subject property is located, upon recording of the Grant Deed, Buyers acknowledge that the applicable fee will be assessed by said County and Escrow Holder shall debit the account of Buyer for same at close of escrow. Buyer and Seller herein represent and warrant that they will seek and obtain independent legal advice and counsel relative to their obligations under the "Foreign Investors In Real Property Act", and any other applicable federal and/or state laws regarding same, and will take all steps necessary in order to comply with such requirements and hereby hold you harmless relative to their compliance therewith.
17. **ENCUMBRANCES** Escrow Holder is to act upon any statements furnished by a lien holder or his agent without liability or responsibility for the accuracy of such statements. Any adjustments necessary because of a discrepancy between the information furnished Escrow Holder and any amount later determined to be correct shall be settled between the parties direct and outside of escrow.
18. **ENVIRONMENTAL ISSUES** Standard Mortgage Financial Services, Inc. has made no investigation concerning said property as to environmental/toxic waste issues. Any due diligence required or needed to determine environmental impact as to forms of toxification, if applicable, will be done directly and by principals outside of escrow. Standard Mortgage Financial Services, Inc. is released of any responsibility and/or liability in connection therewith.
19. **USERY** Escrow Holder is not to be concerned with any questions of usery in any loan or encumbrance involved in the processing of this escrow and is hereby released of any responsibility or liability therefore.
20. **DISCLOSURE** Escrow Holder's knowledge of matters affecting the property, provided such facts do not prevent compliance with these instructions, does not create any liability or duty in addition to these instructions.
21. **CLARIFICATION OF DUTIES** Standard Mortgage Financial Services, Inc. serves ONLY as an Escrow Holder in connection with these instructions and cannot give legal advice to any party hereto. Escrow Holder is not to be held accountable or liable for the sufficiency or correctness as to form, manner of execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same. Escrow Holder's duties hereunder shall be limited to the proper handling of such money and the proper safekeeping of such instruments, or other documents received by Escrow Holder, and for the disposition of same in accordance with the written instruction accepted by Escrow Holder. The agency and duties of Escrow Holder commence only upon receipt of copies of these Escrow Instructions executed by all parties.

THIS AGREEMENT IN ALL PARTS APPLIES TO, INURES TO THE BENEFIT OF, AND BINDS ALL PARTIES HERETO, THEIR HEIRS, LEGATEES, DEVISEES, ADMINISTRATORS, EXECUTORS, SUCCESSORS, AND ASSIGNS; AND WHENEVER THE CONTEXT SO REQUIRES THE MASCULINE GENDER INCLUDES THE FEMININE AND NEUTER, AND THE SINGULAR NUMBER INCLUDES THE PLURAL. THESE INSTRUCTIONS AND ANY OTHER AMENDMENTS MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, EACH OF WHICH SHALL BE CONSIDERED AS AN ORIGINAL AND BE EFFECTIVE AS SUCH.

MY SIGNATURE HERETO CONSTITUTES INSTRUCTION TO ESCROW HOLDER OF ALL TERMS AND CONDITIONS CONTAINED IN THIS AND ALL PRECEEDING PAGES AND FURTHER SIGNIFIES THAT I HAVE READ AND UNDERSTAND THESE GENERAL PROVISIONS.

**I/WE HAVE RECEIVED A COPY OF THESE INSTRUCTIONS.**

Ralph Stephen Coppola, Trustee of the R. S Coppola Trust dated October 19, 1995, as amended, Ralph Stephen Coppola, Sole Settlor and Sole Trustee

_____
Ralph Stephen Coppola, Trustee

Land Resource Investments, Inc., a California Corporation

By: _____   Date: _____

MAILING ADDRESS: 325 Harbour Cove Dr. Ste #211, Sparks, NV 89494