1  Robert A. Koenig (NV SBN 3203)
   Ryan Kerbow (NV SBN 11403)
2  ALESSI & KOENIG, LLC
   9500 W. Flamingo, Suite 205
3  Las Vegas, Nevada  89147
   Phone: (702) 222-4033
4  Fax:     (702) 254-9044
   Attorney for Defendants DARREN K. PROULX;
5  LAND RESOURCE INVESTMENTS, INC;
   LAND RESOURCE MANAGEMENT, INC; and
6  MARINA COMMERCIAL OFFICES, LLC

7  **UNITED STATES FEDERAL DISTRICT COURT**

8  **FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION**

9

10  RALPH STEPHEN COPPOLA; COPPOLA
    ENTERPRISES, LLC; AND RALPH
11  STEPHEN COPPOLA, TRUSTEE OF THE
    R.S. COPPOLA TRUST DATED OCTOBER
12  19, 1995;

13              Plaintiffs,

14          vs.

15

16  DARREN K. PROULX; LAND RESOURCE
    INVESTMENTS, INC., LAND RESOURCE
17  MANAGEMENT, INC.; MARINA
    COMMERCIAL OFFICES, LLC; and DOES I
18  to XX,

19              Defendants.

20

21  DARREN PROULX; LAND RESOURCE
    MANAGEMENT, INC.; LAND RESOURCE
22  INVESTMENTS, INC.;

23              Counter Claimants,

24

25          vs.

26  RALPH STEPHEN COPPOLA,

                Counter Defendant.
27

28

Case No. 3:2011-CV-00074

COUNTER CLAIM

(1) BREACH OF FIDUCIARY DUTY

(2) ABUSE OF PROCESS

1

COME NOW Defendants and Counter Claimants, above-named, who, for claims against Counter Defendant, allege as follows:

## I.   JURISDICTION AND VENUE

1.   Section 22 of the Securities Act of 1933 gives the district courts of the United Stated jurisdiction over cases involving the Securities Act of 1933.

2.   Section 27(a) of the Securities Act of 1934 gives the district courts of the United States jurisdiction over cases involving the Securities Act of 1934.

3.   18 U.S.C. Section 1965(b) confers jurisdiction upon the district court under the Racketeer Influenced and Corrupt Organizations Act (RICO).

4.   This court has supplemental jurisdiction under 28 U.S.C. section 1367(a).

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, including because many of the acts occurred in this judicial district.

6.   This court has personal jurisdiction because Defendant Coppola is a resident of the State of Nevada.

## II.   PARTIES

7.   Counter Claimant LAND RESOURCE INVESTMENTS, INC. (hereinafter, "LRI") is a California corporation authorized to do business in Nevada as a foreign corporation.

8.   LAND RESOURCE MANAGEMENT, INC. (hereinafter "LRM") is a Nevada corporation duly organized and authorized to do business in the State of Nevada.

9.   DARREN PROULX is the Chief Executive Officer of LRI and LRM.  He is a resident of Washoe County, State of Nevada.

10.     Counter Defendant COPPOLA is an attorney licensed to practice in California. He is a resident of Washoe County, State of Nevada.

III.     **GENERAL ALLEGATIONS**

11.     Counter Claimant LRI is an entity that engages in the business of selling fractional interests in real estate (hereinafter, "Land Bank Interests.")  The Land Bank Interests of any particular parcel of real estate sold by LRI are encumbered by the Bylaws of a property owner's association.   Counter Claimant LRM is presently engaged in the business of providing management services for some of the property owners associations initially formed by LRI.

12.     On or about November 27, 2007, LRI retained Counter Defendant to serve as general legal counsel.  Counter Defendant signed a retainer agreement and confidentiality agreement with LRI dated November 27, 2007 and November 28, 2008, respectively.

13.     During his tenure as counsel for LRI, Counter Defendant also provided general legal counsel for LRM.

14.     In or around January of 2010, Counter Defendant registered with the State Bar of Nevada as in-house counsel for LRI.  He was given the Nevada State Bar number 11343C.

15.     Counter Defendant continued to act as counsel for LRI and LRM until he resigned in May of 2010.

16.     In July of 2008, Counter Defendant generated and signed a legal opinion letter on behalf of LRI which was submitted to the State of Arizona, Department of Real Estate.  Counter Defendant's legal opinion letter argued that the LRI's sale of property interests did not fall within Arizona's securities laws. The concluding sentence of the letter reads: "Therefore, since

virtually the same analysis applies under Arizona securities law, as the federal law, the LandBank interests are not securities."

17.     In March of 2009, Counter Defendant generated and signed a legal opinion letter on behalf of LRI which was submitted to the State of California, Department of Real Estate. Counter Defendant's legal opinion letter argued that LRI's sale of property interests did not fall within Arizona's securities laws.  The concluding sentence of that letter reads: "For all the above reasons, we respectfully request that you determine that the Real Estate Interests are not securities and that therefore the DRE has sole authority over the advertising by LRI in connection with the sale of the Real Estate Interests."

18.     In March of 2010, Counter Defendant generated and signed a letter which was submitted to the State of Arizona, Department of Real Estate.  This letter provided notice of LRI's intent to sell subdivided land and requested an order that LRI would be exempt from Arizona's requirement that a public report regarding the land be issued.  The letter reads, in part, "Please find enclosed a separate letter addressed to you as to why we do no believe the sale of the undivided interests in the Subdivision constitutes the sale of a security for either Federal or Arizona securities law purposes."

19.     In or around 2010, Counter Defendant acquired a Land Bank Interest from LRI.

20.     Rule 3-300 of the Rules of Professional Conduct governing California attorneys provides that an attorney "shall not enter into a business transaction with a client" unless certain requirements are met. "Rule 3-300 is intended to apply where the member wishes to obtain an interest in client's property in order to secure the amount of the member's past due or future fees."

21.     Before acquiring the Land Bank Interest from LRI, Counter Defendant did not satisfy any of the conditions required by Rule 3-300.

22.     Counter Defendant is not currently licensed to practice law in Nevada in any capacity.

23.     Subsequent to Counter Defendant's resignation as legal counsel for LRI, he filed complaints against LRI with the following government agencies:

• Office of the Nevada Labor Commissioner

• Nevada Secretary of State

• Nevada Department of Real Estate

• California Department of Corporations – Securities Regulation Division

• California Department of Real Estate

• U.S. Securities and Exchange Commission

• U.S. Equal Employment Opportunity Commission

24.     The complaints Counter Defendant filed with the Nevada Secretary of State, California Department of Corporations – Securities Regulation Division, and U.S. Securities Exchange Commission all concern subject matter within the scope of Plaintiff's legal representation of LRI and LRM.

25.     On or about April 14, 2011, Counter Defendant filed a Complaint in the United States District Court, District of Nevada, case number 3:2011-CV-00074, naming LRI, LRM and PROULX as defendants (hereinafter, Counter Claimants).

26.     The lawsuit alleges, among other things, that Counter Claimants violated federal and state securities laws by failing to register interests in real estate sold by LRI with the appropriate state and federal agencies.

27.     These allegations fall exactly within the subject matter of the legal representation Counter Defendant provided for Counter Claimants.  Further, these allegations are exactly contrary to the legal advice Counter Defendant provided for Counter Claimants and the legal opinions Counter Defendant generated and submitted to government agencies on behalf of Counter Claimants.

28.     Under California law, "an attorney is forbidden to do either of two things after severing his relationship with a former client.  He may not do anything which will injuriously affect his former client in any manner in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." (People ex rel. Deukmejian v. Brown, 29 Cal. 3d 150 (1981), citing Wutchumna Water Co. v. Bailey 216 Cal. 564, 573-574 [15 P.2d 505] (1932).)

29.     Counter Defendant has actively sought out other Land Bank owners with the intent of having them join his lawsuit against Counter Claimants to cause further injury to Counter Claimants.  After convincing a number of Land Bank owners to join his lawsuit, Counter Defendant engaged in the unlicensed practice of law by drafting pleadings on their behalf.

**FIRST CAUSE OF ACTION**

(BREACH OF FIDUCIARY DUTY)

30.     Counter Claimants re-allege and reincorporate each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     As former legal counsel for Counter Claimants, Counter Defendant owes a fiduciary duty to Counter Claimants with respect to the subject matter of the legal representation he provided for them. This fiduciary duty includes the duties of confidentiality and loyalty.

32.     Counter Defendant breached his fiduciary duty to Counter Claimants by filing complaints against them with multiple government agencies and by filing a lawsuit in the United Stated District Court concerning the subject matter of the legal representation Counter Defendant provided for Counter Claimants.  Counter Defendant further breached that duty when he acquired a Land Bank Interest from LRI (an interest through which Counter Defendant has purportedly obtained standing to bring a lawsuit against Counter Claimants) without satisfying the conditions required of California attorneys under Rule 3-300.  Counter Defendant further breached that duty by actively seeking out and convincing other Land Bank owners to join the lawsuit against Counter Claimants and engaging in the unlicensed practice of law by drafting pleadings on their behalf.

33.     Counter Claimants have sustained damages as a result of Counter Defendant's breach of fiduciary duty.  Such damages include the cost of providing a legal defense against Counter Defendant's legal action and emotional distress.  Counter Defendant's conduct is despicable and subjects Counter Claimants to a cruel and unjust hardship and conscious disregard of Counter Defendants' duties, so as to justify an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

### (ABUSE OF PROCESS)

34.     Counter Claimants re-allege and reincorporate each and every allegation contained in paragraphs 1 through 33, inclusive, as though fully set forth herein.

35.     Counter Defendant brought suit against Counter Claimants with knowledge that there is no basis for his claims, as Counter Defendant knows those claims are barred by the fiduciary duty he owes Counter Defendants who are his former clients. He brought those claims,

7

and has actively recruited other Land Bank owners to join the lawsuit, with the ulterior purpose of harming Counter Claimants in retaliation for Darren Proulx's perceived involvement in the property owners associations ceasing to hire Counter Defendant for legal services.

36.     Counter Defendant willfully and improperly engaged in the unlicensed practice of law by drafting pleadings on behalf of other Land Bank owners.

37.     Counter Claimants have sustained damages as a result of Counter Defendant's conduct.  Such damages include the cost or providing a legal defense against Counter Defendant's legal action and emotional distress.  Counter Defendant's conduct is despicable and subjects Counter Claimants to a cruel and unjust hardship and conscious disregard of Counter Defendants' duties, so as to justify an award of exemplary and punitive damages.

///

///

///

///

///

**PRAYER**

WHEREFORE, Counter Claimants pray as follows with regard to each of the above causes of action which may be asserted by the one or more of the various Counter Claimants:

1. For general, specific, exemplary and punitive damages according to proof at time of trial;

2. For attorneys' fees and costs according to proof;

3. For costs of suit herein;

4. For such other and further relief as the court deems just.

DATED this 5th day of December, 2011.

ALESSI & KOENIG, LLC

Robert A. Koenig (NV SBN 3203)
Ryan Kerbow (NV SBN 11403)
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite #205
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:    (702) 254-9044
Attorney for Defendants/Counter Claimants

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2011, I electronically filed the foregoing

COUNTER CLAIM with the Clerk of the Court by using the CM/ECF system, and that service

will be accomplished on all counsel and persons requesting notice by the court CM/ECF system.


An employee of Alessi & Koenig, LLC