Ralph Stephen Coppola
4785 Rio Pinar Drive
Reno, NV 89509
Pro Se
775 827 2344

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO

RALPH STEPHEN COPPOLA,
COPPOLA ENTERPRISES, LLC, and
RALPH STEPHEN COPPOLA,
TRUSTEE OF THE R.S. COPPOLA
TRUST, u/t/d 10/19/1995

Plaintiffs

vs.

DARREN K. PROULX, LAND
RESOURCE INVESTMENTS,
INC., LAND RESOURCE
MANAGEMENT, INC., and
MARINA COMMERCIAL OFFICES, LLC

CASE NO.:   3:2011cv00074

MOTION TO REPRESENT COPPOLA
ENTERPRISES, LLC BY MANAGING
MEMBER

COMES NOW, Ralph Stephen Coppola, a named Plaintiff, herein (hereinafter, "Coppola") who hereby respectfully files this Motion to Represent Coppola Enterprises, LLC by Managing Member ("Motion").

Ralph Stephen Coppola, solely in his capacity as the sole managing member of Coppola Enterprises, LLC ("CELLC"), a plaintiff herein, seeks leave of the Court to represent CELLC pursuant to the corporate democracy principles enunciated in *Citizens United v. Federal Election Commission,* 558 U.S. ____ (2010), rather than having to have the LLC hire outside counsel as required by Fed. R. Civ. P. 11 prior to *Citizens United v. Federal Election Commission,* 558 U.S. ____ (2010).

Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented." Prior to *Citizens United v. Federal Election Commission,* 558 U.S. ____ (2010), it was well established that a corporation could appear in the federal courts only

through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). This rationale "applies equally to all artificial entities," Rowland, 506 U.S. at 202.

That reasoning, however, has been faulty since the time of the decision of the Supreme Court, in *Dartmouth College v. Woodward*, 17 U.S. 518 (1819), which recognized corporations (and by analogy, LLCs) as having the same rights as natural persons to contract and to enforce contracts, and to set their own internal policies. Until recently, however, the Supreme Court, did not go so far as to recognize corporations as "persons," even though in *Santa Clara County v. Southern Pacific Railroad*, 118 U.S. 394 (1886), an insertion into that decision's head notes, by its no famous clerk, J.C. Bancroft Davis, led many to believe the Supreme Court had recognized corporations as persons for the purposes of the Fourteenth Amendment.

In *Citizens United v. Federal Election Commission,* 558 U.S. _____ (2010), the court stated that "[i]ndeed, to exclude or impede corporate speech is to muzzle the principal agents of the modern free economy." By that token, to require a corporation, or LLC, to "speak" through an attorney in court, is to violate that corporation's, or LLC's first-amendment free-speech rights. On that basis, the requirement of *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) that a corporation or LLC be represented by an attorney is implicitly overruled by *Citizens United v. Federal Election Commission,* 558 U.S. _____ (2010), which allows an LLC to speak for itself through its managing member. For that reason, CELLC must be allowed to be represented by Ralph Stephen Coppola in his capacity as its managing member.

Dated:                                      Monday, February 06, 2012



Ralph Stephen Coppola
Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on this 7th day of February, 2012, I deposited the foregoing to Represent Coppola Enterprises, LLC by Managing Member into the US Mail, Postage prepaid, addressed to:

Robert A. Koenig
Ryan Kerbow
Alessi & Koenig, LLC
9500 W. Flamigo, Suite 205
Las Vegas, NV 89147

Ralph Stephen Coppola

-3-