1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9    RALPH STEPHEN COPPOLA; COPPOLA          )
     ENTERPRISES, LLC; and RALPH             )
10   STEPHEN COPPOLA, Trustee of the R.S.    )        3:11-CV-00074-LRH-VPC
     COPPOLA TRUST DATED OCTOBER 19,         )
11   1995,                                   )
                                             )
12              Plaintiffs,                  )        ORDER
                                             )
13   v.                                      )
                                             )
14   DARREN K. PROULX; LAND RESOURCE         )
     INVESTMENTS, INC.; LAND RESOURCE        )
15   MANAGEMENT, INC.; and MARINA            )
     COMMERCIAL OFFICES, LLC,                )
16                                           )
                Defendants.                  )
17   _____  )

18          Before the court is Defendants' Motion to Dismiss or for Partial Summary Judgment (#72[1]).

19   Plaintiff filed an opposition (#75) with a supporting declaration (#77), and Defendants replied

20   (#79).  Also before the court is Plaintiff's Fourth Motion for Summary Judgment (#88),

21   Defendants' opposition (#89), and Plaintiff's reply (#90).

22   I.     Facts and Procedural History

23          Defendant Land Resource Investments, Inc. ("LRI") is a California corporation in the

24   business of selling fractional interests in undivided parcels of real property.  Defendant Land

25

26          _____

            [1]Refers to court's docket entry number.

1    Resource Management, Inc. ("LRM") is a Nevada corporation that performs services for the

2    property owners associations that LRI forms for the properties it sells.  Defendant Marina

3    Commercial Offices, LLC ("Marina") is a Nevada company that owns the real estate in Sparks,

4    Nevada where LRI and LRM have offices.  Defendant Darren Proulx ("Proulx") is a Nevada

5    resident, the sole shareholder and CEO of LRI, the sole shareholder and president of LRM, and the

6    sole and managing member of Marina.

7        Plaintiff Ralph Stephen Coppola ("Coppola") is a Nevada resident who was employed as in-

8    house counsel for LRI from November 27, 2007, to May 8, 2010.  Coppola is a member of the

9    California bar and served as LRI's in-house counsel in Nevada under a limited Nevada law license.

10   Coppola is also a purchaser of the real estate interests that LRI sells.

11       Following his termination, Coppola filed this action against Proulx, LRI, LRM and Marina

12   in February 2011.  His Second Amended Complaint (#69) alleges 23 causes of action, including

13   four federal claims alleging violations of the securities laws, RICO, and Dodd-Frank's

14   whistleblower protections.  The other 19 claims are brought under various state statutes (California

15   and Nevada) and the common law and include claims for breach of contract, fraud, defamation,

16   intentional infliction of emotion distress, abuse of process, and others.

17       Defendants now move for dismissal or summary judgment on Coppola's four federal causes

18   of action and then dismissal of the remaining state law claims for lack of supplemental jurisdiction.

19   Coppola cross-moves for summary judgment on all claims.

20   **II.   Legal Standards**

21       To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil

22   Procedure 12(b)(6), a complaint must satisfy the notice pleading standard of Rule 8(a)(2).  *See*

23   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  A complaint must

24   contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

25   R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations;

26

however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

If a rule 12(b)(6) motion to dismiss relies on materials outside the pleadings that are not excluded from consideration by the court, the motion must be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate only when the

1   pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations,

2   admissions, and other materials in the record show that "there is no genuine issue as to any material

3   fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing

4   a motion for summary judgment, the evidence, together with all inferences that can reasonably be

5   drawn therefrom, must be read in the light most favorable to the party opposing the motion.

6   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne*

7   *v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

8          The moving party bears the initial burden of informing the court of the basis for its motion,

9   along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v.*

10   *Catrett*, 477 U.S. 317, 323 (1986); *see also* LR 56-1 (requiring that the motion include a concise

11   statement of undisputed material facts "citing the particular portions of any pleading, affidavit,

12   deposition, interrogatory, answer, admission, or other evidence upon which the party relies").  On

13   those issues for which it bears the burden of proof, the moving party must make a showing that is

14   "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving

15   party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v.*

16   *Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

17          To successfully rebut a motion for summary judgment, the non-moving party must point to

18   facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

19   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might

20   affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

21   242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary

22   judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute

23   regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

24   return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a

25   scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute;

26

4

1    there must be evidence on which a jury could reasonably find for the party.  *Id.* at 252.

2    **III.    Discussion**

3         **A.   Defendants' Motion to Dismiss or for Partial Summary Judgment (#72)**

4              **1.      Attorney-Client Relationship**

5              Defendants first move for dismissal or summary judgment on the basis that Coppola should

6    be precluded from suing the defendants because he formerly represented them on matters related to

7    the subject matter of his claims, especially his claims for violations of the federal securities laws.

8    Specifically, Defendants submit by affidavit that Coppola's instant allegation that the real estate

9    interests defendants sell are securities is directly contrary to the position he advocated as counsel

10   for the defendants.  Defendants contend that by filing suit against his former clients Coppola has

11   violated the California Rules of Professional Conduct and therefore his suit is precluded under

12   California case law, citing *People ex rel. Deukmejian v. Brown*, 624 P.2d 1206 (Cal. 1981), and

13   *Styles v. Mumbert*, 79 Cal. Rptr. 3d 880 (Cal. Ct. App. 2008).

14             *Brown* involved litigation challenging the constitutionality of a California labor statute.

15   After Attorney General George Deukmejian provided legal advice to the Governor and state

16   agencies as their legally designated attorney, the Attorney General filed an independent petition for

17   writ of mandate against the Governor and state agencies challenging the statute.  The California

18   Supreme Court dismissed the Attorney General's action, holding that under the rules of

19   professional conduct he could not "represent clients one day, give them legal advice, and then sue

20   the same clients the next day on a purported cause of action arising out of the identical

21   controversy."  *Id.* at 1207.  The court's holding was based on the long-standing rule that "'the

22   subsequent representation of another against a former client is forbidden not merely when the

23   attorney *will* be called upon to use confidential information obtained in the course of the former

24   employment, but in every case when, by reason of such subsequent employment, he *may* be called

25   upon to use such confidential information.'"  *Id.* at 1208 (quoting *Galbraith v. The State Bar*, 218

26

5

1    Cal. 329, 332-33 (1933)).

2           In *Styles*, a default judgment was entered against a defendant, who appealed the judgment

3    and sued his attorney for malpractice.  Then, while the defaulting defendant's appeal was pending,

4    the plaintiff assigned her interest in the default judgment to the defendant's attorney, who moved to

5    substitute himself as the opposing party in his former client's appeal of the default judgment.  The

6    Court of Appeal refused to allow the substitution, holding that such action violated his fiduciary

7    duty to his former client and the rules of professional conduct.  *Id.* at 882.  Consistent with *Brown*,

8    the court explained that while the attorney was permitted to reveal client confidences in defense of

9    a malpractice claim or in a fee dispute with his client, his duty of confidentiality precluded him

10   from representing or, *a fortiori*, assuming the position of his client's adversary in the very same

11   litigation in which he had represented his former client.  *Id.* at 883-84.

12          Although informative, the court finds these cases and defendants' arguments inapposite to

13   distinct facts and issues presented in this case.  Coppola is not before this court in his capacity as an

14   attorney.[2]  Nor is his appearance as a litigant the result of some artificial scheme to assume the role

15   of his former client's adversaries.  Rather, Coppola is suing only in his personal capacity for

16   alleged injuries personally suffered.[3]  His securities and RICO claims are brought in his individual

17   capacity as a purchaser and owner of the real estate interests sold by the defendants and as a victim

18   of their alleged misrepresentations and racketeering activities, and his Dodd-Frank retaliation claim

19   is brought in his individual capacity as a former employee and alleged whistleblower.

20          Not only are *Styles* and *Brown* factually distinguishable from this case, their reasoning

21   supports the notion that capacity is significant in determining an attorney's conflict of interests and

---

23        [2]Following the withdraw of Coppola's counsel, Coppola sought to be designated as the attorney
24   of record for Coppola Enterprises, Inc., his company and named co-plaintiff.  The court denied the
     request, however, recently and dismissed the company as a plaintiff for failing to designate substitute
25   counsel.  (*See* Doc. #96.)

26        [3]Coppola has filed suit both in his individual capacity and as trustee of the R.S. Coppola Trust.

1   duty of confidentiality.  The *Styles* court specifically recognized that an attorney in a natural

2   adversarial position to a client or former client (as in a malpractice action or fee dispute) is not

3   bound by the same duties of confidentiality as he is when engaged in representations in his capacity

4   as an attorney.  *See Styles*, 79 Cal. Rptr. 2d at 883-84.  Similarly, the *Brown* court applied a rule of

5   professional conduct that addresses only an attorney's *representation* of adverse parties or interests,

6   as the Attorney General had filed the action in his official capacity as the state's representative, not

7   his individual capacity as a citizen.  624 P.2d at 1208 (citing former Cal. R. Prof'l Conduct 5-102,

8   now 3-310(E), which pertains to an attorney's ability to "accept employment" adverse to a client or

9   former client).  *Brown* also specifically noted the significance of capacity for purposes of conflicts

10  under the rule by distinguishing *Ward v. Superior Court*, 138 Cal. Rptr. 532, 534 (Cal. Ct. App.

11  1977), on the basis that the plaintiff there sued "individually and as a taxpayer and resident" rather

12  than in his official capacity as the county supervisor.  *Brown*, 624 P.2d at 1209 n.1.

13          In moving for dismissal or summary judgment, Defendants entirely disregard the fact that

14  Coppola is suing in his individual capacity for alleged injuries personally suffered, rather than as an

15  attorney representing adverse interests.  They also fail to address the fact that Coppola has never

16  had an attorney-client relationship with at least one of the defendants, Darren Proulx, making the

17  rule against avoiding representation of adverse interests inapplicable as to that defendant.  *See*

18  *Ward*, 138 Cal. Rptr. at 534.  The court therefore finds that Defendants' arguments and authorities

19  are inapposite and fail to support the relief requested.

20          On this posture, the court need not decide whether there should be any limitations in this

21  lawsuit on Coppola's use of any confidential information obtained during his representation of the

22  defendants.  Such issues are not presently before the court.  The only issue presented is whether

23  Coppola should be categorically barred from bringing suit in his individual capacity to remedy

24  harms personally suffered as a result of the alleged unlawful conduct by his former clients and by

25  others with whom he had no attorney-client relationship.  As Defendants have presented no

26

7

pertinent authority to support such relief, the motion shall be denied without prejudice.

### 2.   Dodd-Frank Whistleblower Retaliation

Defendants also move to dismiss under Rule 12(b)(6) Coppola's twenty-third claim against LRI, LRM and Proulx for whistleblower retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6.  The claim is specifically based on Coppola's allegations that, in retaliation for his reporting of securities violations by LRI and LRM to the SEC on June 26, 2010, Proulx caused 17 property owners associations to discharge Coppola as their attorney on or after February 1, 2011.

Dodd-Frank prohibits an "employer" from retaliating against a "whistleblower" in the terms and conditions of employment for engaging in protected conduct.  15 U.S.C. § 78u-6(h).  As Defendants contend, however, Coppola's allegations fail to state a claim against Proulx, LRM or LRI because he fails to allege that they engaged in any retaliatory activities as Coppola's employer. Coppola alleges that his employment was terminated by other entities, not by Proulx, LRI or LRM. And while Coppola's employment had been terminated by LRI and LRM, that occurred before the alleged predicate acts of whistleblowing.  Coppola's factual allegations therefore fail to state a claim under § 78u-6(h), requiring dismissal of his twenty-third claim for relief.  The motion to dismiss shall therefore be granted only in this limited respect.

### B.  Plaintiff's Motion for Summary Judgment (#88)

Coppola's motion for summary judgment includes no exhibits, declarations or other evidence to support the facts asserted therein.  Instead, the motion is exclusively premised on Coppola's assertion that Defendants have effectively admitted all the factual allegations in Coppola's Second Amended Complaint (#69), filed on November 8, 2011.  Rather than file an answer, on December 5, 2011, Defendants instead filed a Motion to Dismiss or for Partial Summary Judgment (#72) and a "Counterclaim" (#73) alleging claims for breach of fiduciary duty and abuse of process.  Based on the premise that a counterclaim is not an allowed pleading under

8

Fed. R. Civ. P. 7(a)(2) and instead must be asserted as part of an answer, Coppola contends that Defendants' Counterclaim must be construed as their answer to the Second Amended Complaint. And so construed, Coppola contends that Defendants' failure to deny his allegations in their "answer" constitutes an admission of those allegations under Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

In response, Defendants contend that they properly responded to the Second Amended Complaint by filing a motion to dismiss under Rule 12(b)(6), and that their simultaneously-filed counterclaim was not procedurally improper.

The court rejects both parties' positions.

Under Rule 15, which governs amended pleadings and responses thereto, Defendants were required to file an answer within 14 days after service of the Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). They failed to do so. Instead, 27 days after service of the Second Amended Complaint, they filed a motion to dismiss and counterclaims, but no answer.

Presumably, Defendants assumed that their motion to dismiss would automatically extend the time for answering the Second Amended Complaint under Rule 12(a)(4)(A). But that rule is inapplicable here for two reasons. First, whereas Rule 12 dictates the time for responding to the *initial* summons and complaint, Rule 15(a)(3) specifically addresses responses to *amended* pleadings. And by the terms of Rule 12(a)(4), which expressly alters only "these periods" provided in Rule 12, not Rule 15, "the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstances here where the time for responding to the original complaint has already run." *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007), *as clarified on denial of rehearing*, 495 F.3d 1378, 1380-81

9

(Fed. Cir. 2007).  Second, even if tolling were potentially available, Defendants failed to file their motion to dismiss within either Rule 15's 14-day period for responding to an amended pleading or even Rule 12's more generous 21-day response period.  Thus, under no reading of the rules could Defendants' motion to dismiss have tolled the deadline for answering Coppola's Second Amended Complaint.

At the same time, the court also rejects Coppola's contention that Defendants' Counterclaim should be construed as an "answer."  Defendants presumably intended (albeit mistakenly) that their Motion to Dismiss, not their Counterclaim, would serve as their initial response to the Second Amended Complaint.

Because neither of Defendants' filings is effective as an answer, the court finds that Defendants have failed to file any answer at all to the Second Amended Complaint.  Viewed in this procedural posture, Coppola's motion for summary judgment, which relies exclusively for evidentiary support on his contention that Defendants should be deemed to have admitted all the factual allegations in the Second Amended Complaint, is in effect a motion for default and default judgment under Rule 55.

Rule 55(a) provides for entry of a party's default when that party "has failed to plead or otherwise defend."  Upon entry of default, the factual allegations in the complaint are taken as true for purposes of entering a default judgment under Rule 55(b).  No default may be entered, however, if the party has filed a response indicating its intent to defend the action.  *See* Fed. R. Civ. P. 55(a), 2007 advisory committee's note; Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:28 (The Rutter Group 2009).  Also, even "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right."  *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  Instead, whether a court will grant a default judgment is in the court's discretion.  *Id.*

Here, despite failing to file an answer in response to Coppola's Second Amended

10

Complaint, Defendants have indicated their clear intent to defend this action by, *inter alia*, previously filing an Answer (#10) denying much of the factual allegations in Coppola's First Amended Complaint and by filing their currently-pending Motion to Dismiss or for Partial Summary Judgment (#72) in response to the Second Amended Complaint.  Entry of default and default judgment is therefore inappropriate at this time and in the absence of further dilatory conduct.  Instead, Defendants shall be required to file an answer to the Second Amended Complaint within ten (10) days of the entry of this order.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or for Partial Summary Judgment (#72) is GRANTED in part and DENIED in part.  Plaintiff's twenty-third claim for relief is hereby DISMISSED; the motion is otherwise DENIED.

IT IS FURTHER ORDERED that Plaintiff Coppola's Fourth Motion for Summary Judgment (#88) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file an Answer to the Second Amended Complaint within ten (10) days of the entry of this order.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

11