UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RALPH STEPHEN COPPOLA; COPPOLA ENTERPRISES, LLC; and RALPH STEPHEN COPPOLA, trustee of the R.S. COPPOLA TRUST DATED OCTOBER 19, 1995,<br><br>    Plaintiffs,<br><br>v.<br><br>DARREN K. PROULX; LAND RESOURCE INVESTMENTS, INC.; LAND RESOURCE MANAGEMENT, INC.; and MARINA COMMERCIAL OFFICES, LLC,<br><br>    Defendants. | 3:11-CV-00074-LRH-VPC<br><br>ORDER |

     Before the court is a June 8, 2011, Notice to Counsel Pursuant to Local Rule IA 10-2 (#12) requesting that Defendants' Attorney Thomas Bayard comply with completion and electronic filing of the Designation of Local Counsel and Verified Petition. On May 29, 2012, the court also entered a Minute Order (#92) requiring Attorney Bayard to show cause why all pleadings filed in this action under his name or account should not be stricken for failure to comply.

     On June 8, 2012, Defendants' Attorney Ryan Kerbow filed an Affidavit in Response to Order to Show Cause (#93) representing that he had personally utilized the electronic filing account of Attorney Bayard to file the pleadings in this action and has since registered for his own electronic filing account. Attorney Bayard has neither responded to the court's show-cause order

nor filed the required Designation of Local Counsel and Verified Petition.

On June 26, 2012, plaintiff Ralph Stephen Coppola filed an affidavit (#94) representing that Defendants' counsel has failed to properly serve him with any documents since he became a pro se plaintiff following the withdraw of his counsel on January 11, 2012.  *See* Order (#81).  Coppola further represents that he has become aware of Defendants' filings only through the orders of this court and by looking up documents through his PACER account.  Indeed, a review of the Defendants' filings and certificates of service confirms that Defendants have sought to effect service only through electronic filing through the court's Case Management / Electronic Case Filing System (CM/ECF), despite the fact that Coppola is not a registered user of CM/ECF and as such has not consented to electronic service.

Although Coppola is an attorney licensed to practice in California, because he appears in this action only in his capacity as a party he is not subject to the requirement of attorney registration.  *See* Special Order 109, Electronic Filing Procedures § I-B (requiring CM/ECF registration only by "[a]ttorneys who are admitted to the bar of this court, admitted to participate in a case pro hac vice, or who are authorized to represent the United States and its agencies").  Moreover, Coppola is actually prohibited from CM/ECF registration without leave of court.  *See id*. § I-C ("Non-attorneys shall not register as Filing Users unless, after motion, authorized to do so by the court.").  Any party not registered as a CM/ECF user may not be served by electronic means and instead must be served by other means in accordance with the Federal Rules of Civil Procedure and this court's Local Rules.  *See* LR II 5-4.

The court finds that Attorney Kerbow's untimely registration as a CM/ECF user and his use of Attorney Bayard's CM/ECF registration was in violation of the court's rules.  The court also finds that Defendants' filing and service of documents solely by electronic means since the withdrawal of Coppola's counsel on January 11, 2012, has been ineffective and in violation of this court's Local Rules and the Federal Rules of Civil Procedure.  In the absence of any prejudice from

2

such violations, however, the court declines to strike Defendants' pleadings at this time. Continued violation of this court's Local Rules and the Federal Rules of Civil Procedure by Defendants will be subject to sanctions, potentially including case dispositive sanctions.

The court further finds that under the unique circumstances presented, including that Coppola is a California attorney with a PACER registration, and in the interests of facilitating the purposes served by electronic filing and avoiding further procedural irregularities in this case, Coppola should be required in this matter to register for electronic service through the court's CM/ECF system.

Accordingly, good cause appearing,

IT IS HEREBY ORDERED that the pleadings filed in this action under Attorney Thomas Bayard's name or account shall not be stricken at this time. However, Attorney Bayard shall be terminated as counsel of record in this action for non-compliance with the completion and filing of a Designation of Local Counsel and Verified Petition. Continued violation of this court's Local Rules and the Federal Rules of Civil Procedure by Defendants will be subject to sanctions, potentially including case dispositive sanctions.

IT IS FURTHER ORDERED that within ten days of the entry of this order pro se plaintiff Ralph Stephen Coppola shall register as a filing user for electronic service through the court's CM/ECF system.

IT IS SO ORDERED.

DATED this 1st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE