UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RALPH STEPHEN COPPOLA; and RALPH STEPHEN COPPOLA, trustee of the R.S. COPPOLA TRUST DATED OCTOBER 19, 1995,

Plaintiffs,

v.

DARREN K. PROULX; LAND RESOURCE INVESTMENTS, INC.; LAND RESOURCE MANAGEMENT, INC.; and MARINA COMMERCIAL OFFICES, LLC,

Defendants.

3:11-CV-00074-LRH-VPC

ORDER

Before the court is plaintiff Ralph Stephen Coppola's ("Coppola") First Amended Motion for a Temporary Restraining Order (#103[1]).

I.  **Facts and Procedural History**

Defendant Land Resource Investments, Inc. ("LRI") is a California corporation in the business of selling fractional interests in undivided parcels of real property. Defendant Land Resource Management, Inc. ("LRM") is a Nevada corporation that performs services for the property owners associations that LRI forms for the properties it sells. Defendant Marina

---

[1] Refers to the court's docket entry number.

1  Commercial Offices, LLC ("Marina") is a Nevada company that owns the real estate in Sparks,
2  Nevada where LRI and LRM have offices.  Defendant Darren Proulx ("Proulx") is a Nevada
3  resident, the sole shareholder and CEO of LRI, the sole shareholder and president of LRM, and the
4  sole and managing member of Marina.
5       Plaintiff Coppola is a Nevada resident who was employed as in-house counsel for LRI from
6  November 27, 2007, to May 8, 2010.  Coppola is a member of the California bar and served as
7  LRI's in-house counsel in Nevada under a limited Nevada law license.  In his capacity as counsel,
8  Coppola also represented the property owners associations that were formed to manage the
9  undivided property that LRI sells in fractional interests. Coppola is also himself a purchaser of
10 these interests.
11      The property owners associations are responsible for paying property taxes, buying
12 insurance, paying for accounting and tax services, as well as for other services relating to the
13 undivided land. The real property owners–the owners of the fractional interests–are each granted
14 one membership interest in the related property owners association through the operation of
15 restrictive covenants.
16      The property owners associations will have an annual meeting on September 22, 2012,
17 provided that a quorum of association members submit proxy ballots. Coppola now moves to
18 prevent Defendants from "participating, managing, organizing, attending, orchestrating, providing
19 support, or otherwise communicating with the boards or attorneys of the [a]ssociations" regarding
20 the September 22 association meeting.
21 **II.   Discussion**
22      A court may grant a temporary restraining order upon a showing that (1) irreparable harm
23 will likely occur to the petitioning party absent an injunction, (2) the balance of equities favors the
24 petitioner, (3) an injunction is in the public's interest, and (4) the petitioner is likely to succeed on
25 the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).
26

However, a plaintiff may be awarded a temporary restraining order by establishing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" so long as the plaintiff shows that irreparable harm will result and that an injunction is in the public's interest. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

Here, the kernel of Coppola's alleged irreparable harm is that the associations will suffer in the absence of an injunction. He claims that continued contact between Defendants and the associations will result in additional expense to the associations. (First Amended Motion for Temporary Restraining Order (#103), p. 7:19-24, 8:14-19, 9:10-15, 9:28-10:1-4, 11:1-5.) Coppola also claims that the September 22 meeting would violate some of the associations' bylaws and that the meeting's voting methods violate California law. (*Id.*) However, as this court's prior Order made clear, Coppola is now proceeding in his capacity as an investor, not as counsel for the associations. (Order (#87), p. 6:13-14 ("Coppola is not before this court in his capacity as an attorney.").) "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized." *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). Therefore, Coppola must connect injury to the associations with injury to himself in order to successfully show irreparable harm under *Winter*.

But Coppola has not identified the property owners association or associations in which he has an interest. Instead, Coppola lists twenty property owners associations–the full complement of associations that defendant LRM manages–but he does not claim an interest in any of them. (First Amended Motion for Temporary Restraining Order (#103), p. 5-6.) It is not possible to tell, for example, whether his association's bylaws will in fact be violated by the September 22 meeting. Similarly, Coppola has not alleged a cognizable injury resulting from the violation of California's voting method requirements because he has not established his right to vote as a member of any particular association.

3

Coppola also alleges that every association will suffer additional expense "if one or more Association meetings are held, while others are not." (*See, e.g., id*. at p. 7:1-2.) Yet Coppola's contemplated injunctive relief would not remedy this problem. Coppola seeks to enjoin defendant LRM–the manager of the property associations–from contacting the associations' members, but LRM has been working to *prevent* multiple meetings. (*See id*. at p. 2.) Moreover, "[p]urely monetary injuries are not normally considered irreparable." *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). Since Coppola has not successfully alleged an irreparable injury, he has not made the necessary showing for a temporary restraining order.

IT IS THEREFORE ORDERED that Plaintiff's First Amended Motion for a Temporary Restraining Order (#103) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE