Ralph Stephen Coppola
4785 Rio Pinar Drive
Reno, NV 89509
Pro Se
775 827 2344

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA - RENO

RALPH STEPHEN COPPOLA,
and
RALPH STEPHEN COPPOLA,
TRUSTEE OF THE R.S. COPPOLA
TRUST, u/t/d 10/19/1995

Plaintiffs

vs.

DARREN K. PROULX, LAND
RESOURCE INVESTMENTS,
INC., LAND RESOURCE
MANAGEMENT, INC., and
MARINA COMMERCIAL OFFICES, LLC

CASE NO.:   3:2011cv00074

FIFTH MOTION FOR
SUMMARY JUDGMENT
REPLY BRIEF (for Default
Judgment)

COMES NOW, Ralph Stephen Coppola, Plaintiff ("Coppola"), who respectfully files this Fifth Motion for Summary Judgment Reply Brief (for Default Judgment) ("Default Pleading") pursuant to Rule 55(a) on all causes of action set forth in the Second Amended Complaint (Docket 69) ("Complaint").

## I. INTRODUCTORY FACTS.

1. **Procedural Facts.**

    a. The Second Amended Complaint was entered on November 8, 2011 as (Docket 69).

    b. Defendants failed to timely file an answer.

    In its Order (Docket 97, filed 07/26/2012) (the "Order") this Court stated (p. 11, ll. 4 - 11)

    that:

    "Entry of default and default judgment is therefore inappropriate at this time and in the absence of further ***dilatory*** conduct. Instead, Defendants shall be required

-1-

to file an answer to the Second Amended Complaint within ten (10) days of the entry of this order (emphasis added)."

c. On August 6, 2012, after the Order of this Court, the Defendants jointly filed a document entitled ANSWER OF DEFENDANTS DARREN K. PROULX, LAND RESOURCE INVESTMENTS, INC., LAND RESOURCE MANAGEMENT, INC., and MARINA COMMERCIAL OFFICES, LLC. (the "Answer") (Docket 99).

d. The problem, however, is that the Court in its Order, ordered the Defendants to answer the Plaintiffs' Second Amended Complaint; however, in the body of the Answer, the Defendants state that they are "answer[ing] Plaintiff's First Amended Complaint. . . . (lines 20-21 on page 1)"-- not the Second Amended Complaint, as required by the rules of pleading and as ordered by this Court in the Order.

e. On 09/13/2012, Plaintiff filed (Docket 101) Plaintiffs' FIFTH MOTION FOR SUMMARY JUDGEMENT OR ALTERNATIVELY AN ORDER OF CLARIFICATION which sought either summary judgment or an order clarifying whether the Answer was to the Second Amended Complaint.

f. On 10/08/2012, Defendants jointly filed (as Docket 107) a DEFENDANTS' OPPOSITION TO PLANTIFF'S 5TH MOTION FOR PARTIAL SUMMARY JUDGEMENT (the "Response").

2. **Admitted Facts.** Because this motion is essentially a default motion, admitted facts are irrelevant.

3. **Introductory Facts.** Ralph Stephen Coppola, a Nevada employee, who acted in part as in-house counsel for his employer is Plaintiff. Coppola seeks rescission for [defendants] selling unregistered securities, reinstatement by reason of Proulx's whistleblower retaliation, damages for securities fraud, including refund of dues paid, refund of purchase price for the Investment, damages for lost wages, for damages to professional reputation, damages for emotional distress, and damages for lost future wages. [Admitted at Complaint at p. 2, ll. 2 - 12].

## II. DEFAULT STANDARD.

1) <u>The Fifth Motion For Summary Judgment Should Be Deemed a Motion For Default.</u>

a) The Defendants have not filed any answer to the Plaintiffs Second Amended Complaint (Docket 69) despite the Court's Order (Docket 97). As previously stated, Defendants, in the body of an Answer, state that they are "answer[ing] Plaintiff's First Amended Complaint. . . . (lines 20-21 on page 1)"-- not the Second Amended Complaint, as required by the rules of pleading and as ordered by this Court in the Order.

b) In the Defendants' Response, p. 4, ll. 15 - 28, p. 5, ll. 1 -4, the Defendants go to great length to argue without citing any authority about how "Defendants' Answer undoubtedly refers to the 2nd Amended Complaint." Because, as is so often the case on the part of Defendants, Defendants again fail to cite any legal authority, there is no legal guidance in their Response about whether that is the legal standard.

c) However, guidance has been given by no less an authority than the United States Supreme Court, and Plaintiff's Fifth Motion hinted at it for Defendants, but Defendants chose to do nothing about it. Rule 15 provides, as relevant, as follows:

> (a) AMENDMENTS BEFORE TRIAL.
>     (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>         (A) 21 days after serving it, or
>
>         (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier.
>
>     (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

d) Therefore, Defendants clearly could have easily amended their Answer, but even as of now have chosen to not do so. One can only infer that their purpose is one of delay. In Foman v. Davis, 371 U.S. 178 (1962), the United States Supreme Court stated:

-3-

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally,* 3 Moore, Federal Practice (2d ed. 1948), ◆◆ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

e) The Supreme Court, in <u>Foman</u>, *at* 178, excluded from leave to amend "any apparent ... undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed . . . . "

f) Here Defendants have repeated failure to cure deficiencies by amendments previously allowed.

g) This Court, in its previous Order, warned the Defendants against further "***dilatory*** conduct," which conduct, said Defendants are continuing in engaging.

h) On that basis, this Court should enter default against all Defendants.

### IV.    PRAYER FOR RELIEF.

Wherefore, for the reasons stated in this pleading, Plaintiff respectfully hereby moves for default judgment on all counts against all Defendants; namely that the court find:

-4-

1. The Investment sold by the Selling Defendants is a "security" as that term is defined for purposes of both The Securities Act of 1933 (the "1933 Act") and The Securities and Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 77b(a)(1), 15 U.S.C. § 77b(a)(1), and,
2. That the Selling defendants failed to register that Investment (if it is a security) as registration is required by the 1933 Act, 15 U.S.C. § 77e(c), and thereafter sold and delivered such Investments without a registration statement as required by the 1933 Act, 15 U.S.C. § 77e(a)(2).
3. Proulx and LRM should be enjoined from committing further securities violations by acting as managers of the Associations.
4. For general, specific, statutory, exemplary and punitive according to proof;
5. For attorneys' fees and costs according to proof;
6. For interest as allowed by law; and
7. For cost of suit herein.
8. For such other and further relief as the court deems just.

Dated: Friday, October 19, 2012

_____
Ralph Stephen Coppola
Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on this Friday, October 19, 2012, I deposited the foregoing Motion for Summary Judgment into the US Mail, Postage prepaid, addressed to:

Ryan Kerbow
Alessi & Koenig, LLC
9500 W. Flamigo, Suite 205
Las Vegas, NV 89147



Ralph Stephen Coppola