UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RALPH STEPHEN COPPOLA; and RALPH
STEPHEN COPPOLA, trustee of the R.S.
COPPOLA TRUST DATED OCTOBER 19,
1995,

Plaintiffs,

v.

DARREN K. PROULX; LAND RESOURCE
INVESTMENTS, INC.; LAND RESOURCE
MANAGEMENT, INC.; and MARINA
COMMERCIAL OFFICES, LLC,

Defendants.

3:11-CV-00074-LRH-VPC

ORDER

This is a securities dispute. Before the court is plaintiff Ralph Stephen Coppola's ("Coppola") Fifth Motion for Summary Judgment or Alternatively an Order of Clarification (#101[1]). Defendants have responded (#107), and Coppola has replied (#108).

**I.　Facts and Procedural History**

Defendant Land Resource Investments, Inc. ("LRI") is a California corporation in the business of selling fractional interests in undivided parcels of real property. Defendant Land Resource Management, Inc. ("LRM") is a Nevada corporation that performs services for the property owners associations that LRI forms for the properties it sells. Defendant Marina

---

[1] Refers to the court's docket entry number.

1 Commercial Offices, LLC ("Marina") is a Nevada company that owns the real estate in Sparks, Nevada where LRI and LRM have offices. Defendant Darren Proulx ("Proulx") is a Nevada resident, the sole shareholder and CEO of LRI, the sole shareholder and president of LRM, and the sole and managing member of Marina.

Plaintiff Coppola is a Nevada resident who was employed as in-house counsel for LRI from November 27, 2007, to May 8, 2010. Coppola is a member of the California bar and served as LRI's in-house counsel in Nevada under a limited Nevada law license. In his capacity as counsel, Coppola also represented the property owners associations that were formed to manage the undivided property that LRI sells in fractional interests. Coppola is also himself a purchaser of these interests.

Following his termination in May 2010, Coppola filed this action against Proulx, LRI, LRM, and Marina in February 2011. His Second Amended Complaint (#69) alleges twenty-three causes of action, including four federal claims alleging violations of the securities laws, RICO, and Dodd-Frank's whistleblower protections. The other nineteen claims are brought under various state statutes (California and Nevada) and the common law and include claims for breach of contract, fraud, defamation, intentional infliction of emotional distress, abuse of process, and others.

Upon Defendants' Motion to Dismiss, the court denied the motion with respect to twenty-two claims, ordered Defendants to file an Answer to the Second Amended Complaint, and denied Coppola's counter-motion for summary judgment (#97). Defendants subsequently filed an Answer (#99), and Coppola has now moved for summary judgment for the fifth time (#101).

**II.  Discussion**

Coppola's Fifth Motion for Summary Judgment ("MSJ") (#101) is nearly identical to his Fourth MSJ (#88).[2] In that motion, as the court discussed in its earlier order, Coppola included "no exhibits, declarations or other evidence to support the facts asserted therein." (Order #97, p.

---

[2] For example, the Fifth MSJ addresses a claim that the court dismissed following the Fourth MSJ. (Order #97, p. 8:2-17.)

2

8:19:20.) And like his Fourth MSJ, Coppola's Fifth MSJ is premised "exclusively" on Defendants' failure to answer the Second Amended Complaint, although this time Coppola seizes on a typographical error in Defendants' Answer to justify this position.[3] Thus, Coppola's Fifth MSJ, like his Fourth MSJ, is effectively a motion for default and default judgment under Rule 55. This argument was disposed of in the court's earlier order. (*See id.* at p. 11:4-5 ("Entry of default and default judgment is therefore inappropriate at this time and in the absence of further dilatory conduct.").)

IT IS THEREFORE ORDERED that Coppola's Fifth Motion for Summary Judgment (#101) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] The Answer purports to address the First Amended Complaint rather than the Second Amended Complaint. (#99, p. 1:20.)

3